336 So.2d 393 (1976)
Mary M. DEAN, Administratrix of the Estate of Avery Marion, a Deceased Minor, Appellant,
v.
BENNETT M. LIFTER, INC., a Florida Corporation, Appellee.
Nos. 75-1506, 76-419.
District Court of Appeal of Florida, Third District.
August 3, 1976.
Rehearing Denied September 1, 1976.
*394 Robyn Greene, Sams, Anderson, Post & Ward, Miami, for appellant.
Sam Daniels, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
These consolidated appeals are from a final summary judgment for the defendant Bennett M. Lifter, Inc. The plaintiff, Mary M. Dean, administratrix of the estate of Avery Marion is the appellant in each appeal. The single question presented is whether a genuine issue of material fact existed to preclude the summary judgment.
George E. Hermetet, alleged to be an employee of the defendant Lifter, negligently operated his automobile and caused it to strike Avery Marion, a minor pedestrian. The injury resulted in her death. Hermetet was insured by the Gateway Insurance Company. The plaintiff began settlement negotiations with Hermetet and his insurer. While these negotiations were in progress, plaintiff filed suit against defendant Lifter. Several weeks later, she settled her claim with Hermetet and Gateway for $10,000, which amount was Gateway's policy limit. Pursuant to the settlement, the plaintiff executed a standard form release which included the following language:
"Know All Men By These Presents, that the Undersigned do(es) hereby acknowledge receipt of a draft for ____ Ten Thousand and no/100 ____ Dollars ($10,000.00) which draft is accepted in full compromise settlement and satisfaction of, and as sole consideration for the final release and discharge of, all actions, claims and demands whatsoever, that now exist, or may hereafter accrue, against GEORGE HERMETET and GATEWAY INSURANCE COMPANY and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, and the consequences flowing therefrom, as the result of an accident, casualty or event which occurred on or about the First day of June, 1973 at or near on private property at 2050 N.W. 204 Street and N.W. 21 Avenue, Miramar, Dade County, Florida, resulting in the death of Avery Marion, a minor."
* * * * * *
In support of its motion for summary judgment, defendant Lifter submitted the release and an affidavit of John Parker, an attorney, in which Mr. Parker stated that he was the attorney responsible for preparing the release and that when the settlement was being negotiated, he and Mr. Donald Post, the plaintiff's attorney, discussed the fact that investigations conducted by Gateway revealed that Hermetet was an independent contractor and not an employee of defendant Lifter. Plaintiff submitted an affidavit of Mr. Post stating that he determined that Mr. Hermetet had a $10,000 insurance policy with Gateway and that after receiving a letter from Mr. Parker in which he stated "[t]he purpose of the settlement is to effect a discharge of all liability or potential liability of Gateway's *395 insured, Mr. Hermetet," that he submitted the release to his client with the assurance that the settlement was merely with Mr. Hermetet and that the lawsuit against the corporation was still pending. Mr. Post's affidavit adds that at no time during the settlement negotiations was a release of defendant Lifter discussed.
The trial judge entered an order granting summary judgment for the defendant in which he stated:
"Upon consideration of the Motion, the release, and the record in this cause, the Court finds that plaintiff's suit is barred by the release."
Thus, the simple question presented is whether a party who has given a general release to one of two possible tortfeasors which release expressly, by its terms, releases all parties from liability for the occurrence may, thereafter, maintain a suit against the other claimed tortfeasor upon the allegation that the intention of the plaintiff was that only one of the tortfeasors be released. We think that the decision on this appeal is governed by the holding of the District Court of Appeal, Second District, in Hester v. Gatlin, Fla. App. 1976, 332 So.2d 660, in which that court dealt with a similar factual situation and held:
* * * * * *
"The fact that the consideration for this release only flowed from Frank and Gilchrist did not prevent [Gatlin] from obtaining its benefits as a third party beneficiary. See Albert's Shoes v. Crabtree Construction Co., Fla. 1956, 89 So.2d 491. The inclusion of the italicized language in the release was also beneficial to Frank and Gilchrist, if for no other reason than to be available as an additional defense to a claim for contribution such as is being made by Hester in this case."
* * * * * *
In the best appellate tradition, the appellant has cited the Hester decision and has attempted to distinguish it. He points out that Hester was a third party claimant for indemnification or contribution against the parties who had received the release and that, therefore, the issue of the intent of the parties to the release did not arise.
The issue of the intent of the parties to the release does not govern this appeal. What the plaintiff is saying is that she made a unilateral mistake. The clear and unambiguous terms of a release may not be changed upon a claim of unilateral mistake where that mistake results solely from the want of due care and diligence exercised by persons of reasonable prudence under the same circumstances. See Moore v. Wesley E. Garrison, Inc., 148 Fla. 653, 5 So.2d 259 (1941). When Hermetet, who is not a party to this action, paid the $10,000, he secured the release for himself and bought the possible right to proceed against any other joint tortfeasors for contribution. See Lincenberg v. Issen, Fla. 1975, 318 So.2d 386.
Having reached the decision that this judgment must be affirmed, we do not consider Lifter's contention that the summary judgment should be affirmed upon the ground that Hermetet was conclusively shown to have been an independent contractor.
Affirmed.