344 So.2d 937 (1977)
Bruce C. WEATHERFORD and Judith Weatherford, Appellants,
v.
RYDER TRUCK RENTAL AND LEASING, INC., a Florida Corporation, et al., Appellees.
No. 76-744.
District Court of Appeal of Florida, Third District.
April 19, 1977.
Joe N. Unger, Miami, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Paul A. Carlson, Miami, for appellees.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Chief Judge.
This is an appeal from a summary judgment entered against appellants, plaintiffs below.
Appellants filed suit seeking damages for injuries sustained by appellant-Bruce Weatherford, while serving as a police officer for the City of Hialeah. The injuries occurred when appellant was struck by a vehicle while directing traffic around a tractor trailer which allegedly was illegally parked. The tractor trailer was owned by Ryder Truck Rental and Leasing, Inc., leased by Quality Wood Company and driven by Angelberto DeCoro, all appellees.
The trial judge granted summary final judgment in favor of appellees based upon a general release, executed by appellants soon after the accident for the sum of $10,000.00, discharging Alice Hart, the driver of the vehicle, State Farm Mutual Automobile Insurance Company, her insurer, "and all other persons, firms or corporations liable or who might be claimed to be liable . . from any and all claims, demands, damages, actions, causes of action or suits of any kind *938 or nature whatsoever and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future result from any claim which occurred on or about the 15th day of February, 1974, at or near West 20th Avenue and 54th Street, Hialeah, Florida."
The trial judge was of the opinion that the case of Morison v. General Motors Corporation, 428 F.2d 952 (5th Cir.1970), cert. denied, 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141 (1970), controlled and granted summary final judgment. We agree.
In Morison, a general release, similar in form to the one sub judice, was executed by the plaintiff in favor of one defendant and her insurer. The court held that said general release was effective as against the other defendants, notwithstanding the failure of the release to specifically name the other defendants or the failure of the other defendants to pay any consideration for the release.
Based upon the above authority and after reviewing the record, briefs and arguments of counsel we are of the view that entrance of summary final judgment was correct and therefore, said judgment is hereby affirmed.
Affirmed.