347 So.2d 1036 (1977)
Eugene QUARTERMAN, Appellant,
v.
CITY OF JACKSONVILLE, a Municipal Corporation, et al., Appellees.
No. AA-31.
District Court of Appeal of Florida, First District.
February 3, 1977.
On Rehearing June 30, 1977.
*1037 John I. Todd, Jr., Jacksonville, for appellant.
Mattox S. Hair and William S. Burns, Jr. of Marks, Gray, Conray & Gibbs; Martin J. Mickler, Jack W. Shaw, Jr. and Herbert R. Kanning of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Robert L. Cowles, Peter J. Kellogg, Jacksonville, for appellees.
BOYER, Chief Judge.
From a final summary judgment entered in favor of appellees in a case sounding in negligence this appeal is taken. The broad issue is whether a general release given to certain named parties also released appellees who were not specifically named.
Appellant, a sign painter, was injured on July 12, 1972, when the handle of his paint roller came into contact with electrical lines owned and operated by appellees City of Jacksonville and the Jacksonville Electric Authority. The billboard on which appellant was working at the time of his injury was located on the property of the Thunderbird Motel, owned by appellee Southern Industrial General Corporation. Appellant received workmen's compensation benefits paid by his employer's insurance company, Commercial Union.
After filing the present action, appellant reached a settlement on June 30, 1973 of his claim against the City of Jacksonville, the Jacksonville Electric Authority and the insurance carrier, Transportation Insurance Company. Appellant filed an action on July 9, 1973, to determine the pro rata amount of the settlement that Commercial Union Insurance Company would be entitled to by virtue of its status as the workmen's compensation carrier. After a hearing, the trial court entered an order determining the pro rata amount which Commercial Union was entitled to, and ruling that any subsequent recovery which appellant might effect against appellee Southern Industrial General Corporation would be subject to an additional lien by Commercial Union.
Appellant filed an amended complaint which corrected the name of the defendant to Southern General Corporation. Travelers Insurance Company, Southern General's insurance carrier, was added as an additional party. After Travelers answered the complaint, appellees filed a motion for leave to file a setoff of $30,000 which was the amount previously paid by the City of Jacksonville as the settlement. Appellees further requested leave to file a third party complaint against appellant's employer. The trial court granted both requests. Appellees filed an amended third party complaint, adding as additional parties Commercial Union, the City of Jacksonville, the Jacksonville Electric Authority, and CNA Insurance Company, then the insurer of the City and Jacksonville Electric. The last three named parties, in their answer to the amended third party complaint, pled the release of all claims which had been executed on July 30, 1973, as a complete bar to the third party complaint.[1] They also moved for a summary judgment. Appellant filed a reply to the affirmative defense based on the release, alleging that none of the parties involved intended to release appellees Southern General Corporation and *1038 Travelers Insurance Company. Appellees filed a motion to strike the reply which was granted by the trial court. The court then entered summary final judgment in favor of appellees.
The crucial aspect of this case is the trial court's order striking appellant's reply to the affirmative defense of release. If the reply was properly stricken, then the summary final judgment was appropriately entered. A contrary result necessarily follows from a determination that the appellant's reply was improperly stricken.
According to the briefs filed by appellees City of Jacksonville and Jacksonville Electric Authority, the gravamen of the reply is that relief should be granted on the basis of a unilateral mistake of fact. Although normally a unilateral mistake will not provide a sufficient basis upon which to grant relief, a party may avoid the effect of a release on the basis of a unilateral mistake of fact in an appropriate case. See Florida Cranes, Inc. v. Florida East Coast Properties, Inc., Fla.App.3rd 1976, 324 So.2d 721.
The affirmative defense of release may also be successfully avoided on the ground of mutual mistake of fact. DeWitt v. Miami Transit Co., Sup.Ct.Fla. 1957, 95 So.2d 898. To avoid a general release, a party must show that there was a mistake as to a past or present material fact at the time of the execution of the release. DSF, Inc. v. Beasley Crane Service and Sales, Inc., Fla. App.2d 1971, 251 So.2d 727, 729. It is clear, however, that there was no mistake of fact, either mutual or unilateral, in this case. Appellant and all the other parties to the release were undoubtedly aware at the time of the signing of the release that appellees Southern General Corporation and Travelers Insurance Company were potential defendants. Thus, appellant may not rely upon the mistake of fact theory to avoid the effect of the release as to appellees Southern General and Travelers.
In fact, closer examination of appellant's reply reveals an entirely different theory. The reply asserts that plaintiff, City of Jacksonville, Jacksonville Electric Authority, and Transportation Insurance Company did not intend to release appellees Southern General and Travelers Insurance Company.[2] Because the release is stated in clear and unambiguous terms, the determinative question thereby becomes whether appellant should be permitted to establish by parol evidence that the intent of the parties as to the effect of the release on parties not named in the release was other than as stated in the written document.
Under the general rules of evidence applicable to contract law, parol evidence is inadmissible to vary or contradict the terms of a clear and unambiguous instrument. As with any general rule of law, there are, of course, exceptions. One such exception, long recognized by Florida courts, is that the parol evidence rule only applies to parties to the contract or their privies, and not to a stranger thereto. Palmer v. R.S. Evans, Jacksonville, Inc., Sup.Ct.Fla. 1955, 81 So.2d 635, 637. In such cases, the majority rule seems to be that the parol evidence rule is neither binding on nor available to the stranger, and it may not be properly invoked by him or properly invoked or relied on against him. 32A C.J.S. "Evidence" § 861, p. 227.
The query thus becomes, should appellees Southern General and Travelers Insurance Company, strangers to the release agreement, be allowed to invoke the parol evidence rule to prevent appellant from demonstrating *1039 that the parties who entered into the release did not intend to include appellees Southern General and Travelers within its scope? That exact question has never been resolved by an authoritative Florida appellate decision, although the Third District Court of Appeal, under different factual circumstances, permitted a plaintiff to introduce parol evidence in an attempt to contradict the express terms of the release. Miami Beach First National Bank v. Tropical Park, Inc., Fla.App.3rd 1968, 215 So.2d 752.
Courts from numerous other jurisdictions have, however, considered the exact point at issue. See Annotation at 13 A.L.R.3d 313 (1967). Although there is a split of authority, the better view in such cases, and the view which we hereby adopt, is that parol evidence should be permitted to enable a plaintiff to demonstrate that a stranger to the release, expressed in general terms, was not intended by the parties to the release to be affected thereby. Illustrative of the trend toward acceptance of that position is the case of Knight v. Lowery, 1971, 124 Ga. App. 172, 183 S.E.2d 221, upon which appellees in their briefs rely. In that case, the Georgia Court of Appeals, in interpreting a general release virtually identical to the one contained in the case sub judice, held that plaintiff would not be allowed to contradict by parol evidence the terms of the written release which contained no obvious or latent ambiguities. The Supreme Court of Georgia reversed, holding that a stranger to the release would not be allowed to invoke the parol evidence rule to preclude a plaintiff from showing by parol evidence that the intent of the parties was other than expressed in the release. Knight v. Lowery, 1971, 228 Ga. 452, 185 S.E.2d 915.
We expressly refuse to find that any policy considerations exist which might militate against permitting parol evidence in such a factual situation. Indeed, appellees Southern General and Travelers Insurance have urged us in their brief to interpret the release as we would interpret any other contract, applying the same rules of interpretation. Appellees City of Jacksonville and Jacksonville Electric Authority suggest otherwise, and argue that permitting parol evidence to vary the unambiguous terms of the release would have a "chilling effect" on future settlements because if it were held that a release of all persons does not in fact release other unnamed potential defendants, then there would be no incentive or purpose for a defendant to settle. That argument is, at best, doubtful. First, we observe that many defendants enter into release agreements effective as to only them, and do not seek to have the release applied to all other potential defendants. Second, we take judicial notice of the fact that the terms of the release which apparently make the release effective as to all other persons, corporations, etc. are of the "boiler-plate" variety and may well be included in the release merely because the terms are part of the release form. Given our primary duty to interpret releases as well as all contracts so as to effectuate the intent of the parties, we see no harm in allowing appellant to show by parol evidence, if he can, that strangers to the release were not intended by the parties to be covered thereby.
By our holding, we do not find that appellant has established the allegation contained in his reply. We only hold that if appellant can establish by parol evidence that the parties did not intend for the release to affect appellees Southern General and Travelers Insurance Company, then the affirmative defense of release asserted by them may be avoided. The allegations contained in the stricken reply distinguish the case sub judice from Hester v. Gatlin, Fla. App.2nd 1976, 332 So.2d 660 and Dean v. Lifter, Fla.App.3rd 1976, 336 So.2d 393. In the former case, the issue of intent was apparently never raised, while in the latter case, the plaintiff did not allege, in contrast to appellant in the case sub judice, that all of the parties to the release intended that certain other potential defendants be excluded therefrom, but merely asserted that plaintiff alone intended that only one of the tortfeasors was to be released.
Therefore, since appellant's reply to the affirmative defense of release was improperly *1040 stricken, final summary judgment should not have been entered. Accordingly, the cause is reversed and remanded for proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
SCHLEGEL, LEW E., Associate Judge, concurs.
McCORD, J., concurs specially.
McCORD, Judge, concurring specially.
I agree with the ruling of the District Court of Appeal, Third District in Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla. 3 DCA 1976), but I do not consider it applicable to the question presented here. There, the court stated that the issue of intent of the parties to the release did not govern the appeal. That was so because the court pointed out:
"... What the plaintiff is saying is that she made a unilateral mistake. The clear and unambiguous terms of a release may not be changed upon a claim of unilateral mistake where that mistake results solely from the want of due care and diligence exercised by persons of reasonable prudence under the same circumstances."
In the case sub judice, appellant does not contend that there was a unilateral intent that the release not cover others who were not parties to it, but he contends (in his stricken reply to appellee's affirmative defenses) that it was the intent of all parties to the release that Southern General Corporation and Travelers Insurance Company would not be released. While such allegation may be difficult to prove,[1] we are here concerned only with whether or not appellant may be allowed to submit proof on such allegation. I agree with Chief Judge Boyer's opinion that such proof should be allowed.

ON PETITION FOR REHEARING GRANTED
McCORD, Judge.
We have reconsidered the court's opinion in this cause and have determined that we should recede therefrom. As pointed out in our previous opinion filed February 3, 1977, Eugene Quarterman (appellant) and the City of Jacksonville (appellee), Jacksonville Electric Authority (appellee), and the insurance carrier, Transportation Insurance Company, entered into a clear, unambiguous release not only of the City of Jacksonville and the Jacksonville Electric Authority but also of "all other persons, firms and corporations who might be liable." Appellant contends that it was not the intent of the parties to the release to release "all other persons, firms and corporations who might be liable." Appellant seeks to present parol evidence to show that these unambiguous terms in the release did not state the intent of the parties thereto  despite the fact that all parties to the release, except Quarterman, contend otherwise. Such parties argue that unless Quarterman's release is effective as to "all other persons, firms and corporations which might be liable" to him, they could be held liable for further damages as indemnitors of others against whom Quarterman might obtain judgments for the same accident. Thus, it was distinctly in the interest of such parties to the release that it release them not only as to their liability to Quarterman, but also as potential indemnitors.
In our previous opinion sub judice, we held that the parol evidence rule may not be invoked by strangers to the transaction and thus allowed the parol evidence to be presented. But in these circumstances, such holding is tantamount to saying that parties to the release may not invoke the rule although they have a legitimate interest in upholding the release as to all others who might be liable. (If these parties had no legitimate interest in upholding the release as to third persons, there might be some validity in not allowing strangers to the release to invoke the parol evidence rule to their benefit. But such is not the situation here.) Were we to adopt Quarterman's argument we would in effect rule that an injured plaintiff could not execute a release *1041 which would completely absolve a defendant from all liability for the plaintiff's injuries.
Our original opinion pointed out that there is a split of authority in other jurisdictions on this question. Upon reconsideration, we now find the better view to be that the unambiguous terms of a release may not be varied by parol evidence where to do so could subject a party to the release to further liability for a plaintiff's injuries. We therefore recede from our previous ruling in this cause to the contrary.
Affirmed.
RAWLS, J., concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge, dissenting.
I respectfully dissent. I adhere to our original opinion. In the foregoing opinion on petition for rehearing granted is found the sentence "Were we to adopt Quarterman's argument we would in effect rule that an injured plaintiff could not execute a release which would completely absolve a defendant from all liability for the plaintiff's injuries." The fallacy in that statement is that, as clearly appears from our original opinion, neither Quarterman nor the Circuit Judge intended that the "boilerplate language" in the executed release be applicable. The law is, in my view, and should be, that the intent of the parties prevails. All Quarterman seeks sub judice is an opportunity to prove that none of the parties intended the subject release to be effective to "all other persons, firms and corporations which might be liable". Whether or not Quarterman can, in fact, make such proof to the satisfaction of a judge or jury is not our prerogative to determine. It is inconceivable to me, though, that he not be afforded the simple opportunity of proof and that the truth be thereby forever sealed from the trier of fact.
I would adhere to our original opinion and reverse.
NOTES
[1] The release stated, in pertinent part, that appellant does "... hereby release, acquitt and forever discharge CITY OF JAX, JACKSONVILLE ELECTRIC AUTHORITY, TRANSPORTATION INS CO and all other persons, firms and corporations who might be liable of and from any and all actions, causes or actions, claims, demands, damages, costs, loss of services, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from ..."
[2] The stricken reply alleges: "Neither the plaintiff, the City of Jacksonville, the Jacksonville Electric Authority or Transportation Insurance Company intended by the release referred to in defendants' fifth defense, to release defendants Southern General Corporation, a Florida corporation and Travelers Insurance Company, and that no consideration was given in said release for the release of said defendants and plaintiff specifically denies that said release in any way released Southern General Corporation or the Travelers Insurance Company, as can be seen by this Court's order dated July 23, 1973."

The release contains a second theory, i.e., that there was a lack of consideration as to Southern General and Travelers. The law in Florida is clear, however, that one may obtain the benefits of a release as a third party beneficiary, notwithstanding the fact that no consideration flows directly to that party. See Albert's Shoes v. Crabtree Construction Co., Sup. Ct.Fla. 1956, 89 So.2d 491 and Hester v. Gatlin, Fla.App.2nd 1976, 332 So.2d 660.
[1] The City of Jacksonville and Jacksonville Electric Authority, parties to the release, contend on this appeal that the release was applicable to Southern General Corporation and Travelers Insurance Company.