365 So.2d 1038 (1978)
Perry ALEXANDER and Marla Alexander, His Wife, Appellants,
v.
Edward KIRKHAM and Federated Mutual Insurance Company, a Foreign Corporation, Appellees.
No. 78-387.
District Court of Appeal of Florida, Third District.
December 19, 1978.
Rehearing Denied January 22, 1979.
Horton, Perse & Ginsberg and Edward A. Perse, Hawkesworth & Schmick, Miami, for appellants.
Magill, Sevier & Reid and Kevin P. O'Connor, Miami, for appellees.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The plaintiffs appeal from a final summary judgment against them which upheld as a matter of law the efficacy of a release, given by the plaintiffs to third parties, to bar their claim against the present defendants. We reverse.
On September 23, 1973, the plaintiff Perry Alexander was seriously injured in an accident on I-95, in which two other drivers, Mohamed Mysorewalla, who was insured by Preferred Risk Insurance Company, and Edward Kirkham, whose liability insurer was Federated Mutual, were allegedly both at fault. Alexander and his wife made claims against both sets of insured and insurer. In April, 1975, following *1039 a series of settlement negotiations between their lawyers and the Preferred claims adjuster, Robert Brialmont, the Alexanders agreed to settle their claim, as against Mysorewalla and Preferred, for their policy limits of $10,000. After the insurance company drafts had been received, the plaintiffs forwarded a release, prepared by their counsel, to Preferred. The printed release form which was employed and which was dated July 21, 1975, however, stated that it released, not only Preferred and its insured, but also
"... all other persons, partnerships, firms or corporations of and from any and all actions, causes of actions, damages or demands of whatever name or nature in any manner arisen, arising or to grow out of any and all accidents or matters especially an accident to PERRY D. ALEXANDER claimed by the undersigned to have been sustained on or about the 23rd day of September 1973 at or near State Road 9A and 0.5 miles north of State Road 836, Miami, Dade County, Florida ..."
On August 29, 1975, the Alexanders sued the present defendants-appellees, Kirkham and Federated, in the Dade County Circuit Court. Their answer raised the affirmative defense that they had been released from liability to the Alexanders by virtue of the language in the release which the plaintiffs had given to Mysorewalla and Preferred.[1]
In counter-response, the Alexanders then filed an independent action for reformation of the release agreement. Naming Mysorewalla and Preferred, as well as Kirkham and Federated, as respondents, the plaintiffs alleged that the release as executed did not correctly express the mutual intent of the parties to it. They claimed that both they, through their counsel, and Brialmont, in negotiating and agreeing to the settlement, had meant to release only the parties who were buying their peace for the $10,000  Mysorewalla and his insurer  and to preserve their rights to sue the other alleged joint tort-feasor, Kirkham and his company, who had paid nothing. The Alexanders contended, therefore, that since, as actually written, the form did serve to release Kirkham, it embodied a mutual mistake as to its legal effect. The complaint sought a reformation of the language of the agreement, so as to provide that it released "only" Preferred and its insured, and to strike the purported release of anyone else. The most significant legal event in this case occurred when, in answer to the reformation complaint, Preferred and Mysorewalla admitted all of its allegations; thus conceding that the release did not accurately express the expectations of the parties concerning its legal effect.
After the reformation proceeding was transferred to the division in which the personal injury action was pending, Kirkham and Federated moved for summary judgment in their favor in the tort case, based upon the allegedly binding effect of the unreformed release. The trial judge granted the motion and entered summary judgment for the defendants, rendering, his order said, the reformation proceeding "moot." Under the perhaps unique factual and legal situation presented by this case, we hold that the summary judgment should not have been entered.
The basis for this holding is our conclusion that the expressed and admitted mutual intent of the parties to the release should be given effect, so as to preclude reliance upon its mistaken language by the present defendants. Both the releasors, the plaintiffs, and the releases, Mysorewalla and Preferred, have agreed that they intended the language of their agreement to have the legal effect of preserving the plaintiffs' rights against Kirkham and Preferred; the lower court's judgment that those rights have nevertheless been extinguished was therefore erroneous. This determination is in entire accordance with the established law as to the effect of a "mutual *1040 mistake" such as this one. Whatever the general rule as to the effect of a so-called pure "mistake of law," see 3 A. Corbin on Contracts § 616 (1960 rev.), it has long been clear in Florida and elsewhere that relief will be granted when, as here, the language employed by the parties fails to have the legal effect or to express what they mutually intended. For example, in Jacobs v. Parodi, 50 Fla. 541, 39 So. 833, 836-837 (1905), the Supreme Court held:
"Where an instrument is drawn and executed which professes or is intended to carry into execution an agreement previously entered into, but which by mistake of the draftsman, either as to fact or to law, does not fulfill that intention or violates it, equity will correct the mistake, so as to produce a conformity to the intention. 1 Story's Equity Jurisprudence, § 115.
Where the parties, with knowledge of the facts and without any inequitable incidents, have made an agreement, and a writing executed by them for that purpose expresses the agreement as it was understood and designed to be made, equity will not interfere, although one of the parties may have mistaken or misconceived its legal meaning, scope, and effect.
If, on the other hand, after making an agreement, in the process of reducing it to a written form, the instrument, by means of a mistake of law, fails to express the contract which the parties actually entered into, equity will interfere with the appropriate relief, either by way of defense to its enforcement, or by cancellation, or by reformation, to the same extent as if the failure of the writing to express the real contract was caused by a mistake of fact. In this instance there is no mistake as to the legal import of the contract actually made; but the mistake of law prevents the real contract from being embodied in the written instrument. In short, if a written instrument fails to express the intention which the parties had in making the contract which it purports to contain, equity will grant its relief, affirmative or defensive, although the failure may have resulted from a mistake as to the legal meaning and operation of the terms or language employed in the writing." [emphasis supplied]
Accord: Heisler v. Florida Mortgage Title & Bonding Co., 105 Fla. 657, 142 So. 242 (1932); Niagara Fire Ins. Co. v. Allied Electrical Co., 319 So.2d 594 (Fla. 3rd DCA 1975); 13 S. Williston, Law of Contracts, § 1585 (3rd ed. 1970); 3 A. Corbin on Contracts, § 619 (1960 rev.). We think this rule is directly applicable to the case before us.
Nor is our conclusion contrary to the cases which hold that a general release such as the one actually executed by the Alexanders does have the legal effect of releasing a joint tort-feasor who is not a party to it. Weatherford v. Ryder Truck Rental & Leasing, 344 So.2d 937 (Fla. 3rd DCA 1977); Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla. 3rd DCA 1976); Hurt v. Leatherby Ins. Co., 354 So.2d 918 (Fla. 4th DCA 1978); Quarterman v. City of Jacksonville, 347 So.2d 1036 (Fla. 1st DCA 1977); Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976). Each of these cases is essentially based upon a construction of the intention of the parties. In each of them, there was no sufficient showing that that intention was not the one expressed in the written release itself. Instead, there was, at the most, the bare claim that only the plaintiff had made a mistake in executing the release. Plainly, such a unilateral mistake cannot vary the terms of a written agreement. E.g., Quarterman v. City of Jacksonville, supra. In direct contrast, this case presents an admitted "mutual mistake" which, under familiar contract principles, must be given just that effect. 5 Fla.Jur., Cancellation, Reformation and Recission of Instruments, § 72 et seq., p. 263 et seq.
It must be pointed out that the defendants in this case were neither parties to the release agreement, gave any consideration for it, nor changed their position in any *1041 way in reliance upon its terms.[2] Compare, e.g., Barlow v. Stevens, 112 Fla. 57, 150 So. 245 (1933). They simply seek to be the donee beneficiaries of an enormous benefit, freedom from tort liability, gratuitously placed in their laps through the inadvertence of third parties. On these facts there is therefore no legal or equitable reason to interfere with the effectuation of the conceded intention of the parties to the agreement themselves. 66 Am.Jur.2d Reformation of Instruments, § 63, p. 584.
The judgment below is therefore reversed, and the cause remanded with directions to grant the plaintiffs' prayer for reformation, and for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] See Weatherford v. Ryder Truck Rental & Leasing, Inc., 344 So.2d 937 (Fla. 3rd DCA 1977); Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla. 3rd DCA 1976); Hurt v. Leatherby Ins. Co., 354 So.2d 918 (Fla. 4th DCA 1978); Quarterman v. City of Jacksonville, 347 So.2d 1036 (Fla. 1st DCA 1977); Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976).
[2] The appellees argue that they would be "prejudiced" if the release were reformed because of their inability to secure contribution from Mysorewalla and Preferred under § 768.31(5)(b), Fla. Stat. (1977 Supp.). This contention is, at best, specious, both because their situation would be no different if the original release correctly expressed the parties' intention, and because their present position is that they are relieved of making any payment to the plaintiffs at all, as to which contribution could be demanded.