John A. OSBORNE and Niwana Osborne, Plaintiffs-Appellants,

v.

The COLEMAN COMPANY, INC., Defendant,

Underwriters' Laboratories, Inc., Defendant-Appellee.

No. 76–2559.

United States Court of Appeals, Fifth Circuit.

March 27, 1979.

**1240**

Jon E. Krupnick, Kevin A. Malone, Ft. Lauderdale, Fla., for plaintiffs-appellants.

John W. Fleming, Ft. Lauderdale, Fla., Edward H. Hickey, John P. Scotellaro, Chicago, Ill., for Underwriters Laboratories.

Before WISDOM, TJOFLAT and VANCE, Circuit Judges.

PER CURIAM:

On or about April 7, 1972, John A. Osborne was seriously injured while attempting to repair an air conditioning unit located in a mobile home in Fort Lauderdale, Florida. Mr. Osborne and his wife, Niwana, brought this personal injury diversity action against the Coleman Company, Inc., manufacturer of the air conditioning unit, based upon breach of express warranty of freedom from defects, breach of implied warranty of fitness, and negligent design. Subsequently named as a party-defendant was Underwriters' Laboratories, Inc. (U.L.), whom the Osbornes alleged had examined the model of the unit that caused Mr. Osborne's injuries, based upon breach of an implied warranty and negligence.

After extensive pre-trial discovery, the district court granted U.L.'s motion for summary judgment on May 3, 1976, holding that the Osbornes had failed to allege causes of action against U.L. that would be recognized under the Florida law controlling this diversity case. The Osbornes then settled their claim against Coleman for $170,000 and executed a release which states, in pertinent part,

That JOHN A. OSBORNE and NIWANA OSBORNE his wife for and in consideration of the sum of One Hundred Seventy Thousand and no/100–Dollars, ($170,000), the receipt and sufficiency of which is hereby acknowledged, does hereby remise, release and forever discharge THE COLEMAN COMPANY and AETNA CASUALTY & SURETY CO. [the insurer for Coleman] his successors and assigns, and/or his, her, their heirs, executors and administrators, and also *any and all other persons, associations and corporations, whether herein named or referred to or not,* and who, together with the above named, may be jointly or severally liable to the Undersigned, of and from any and all, and all manner of, actions and causes of action, rights, suits, covenants, contracts, agreements, judgments, claims and demands whatsoever in law or equity, including claims for contribution, arising from and by reason of any and all KNOWN AND UNKNOWN, FORESEEN AND UNFORESEEN bodily and personal injuries or death, damage to property, and the consequences thereof which heretofore have been, and which hereafter may be sustained by the Undersigned or by any and all other persons, associations and corporations, whether herein named or referred to or not, and especially from all liability arising out of an occurrence that happened on or about the 7th day of April, 1972, at or near Broward County, Florida, more particularly 2511 S.W. 40th Place, Fort Lauderdale, Florida.

Appellee's Motion to Dismiss Appeal, Exh. A (emphasis added; underlined material was inserted onto the form release agreement). After the execution of this release the Osbornes filed on May 26, 1976, a notice of appeal from the entry of summary judgment on behalf of U.L. in which they alleged the existence of a number of factual issues which would make summary judgment for U.L. inappropriate.

On August 9, 1976, U.L. moved this court to dismiss this appeal on the ground that the Osbornes had released U.L. from all liability, thereby rendering their appeal moot. After memoranda in support and opposition to the motion were filed, this court entered an order on September 15, 1976, carrying the motion to dismiss with the case. The issue of mootness was argued before us and we have considered the arguments of both the Osbornes, who request that the case be remanded for an evidentiary hearing to determine whether the general release signed by the Osbornes should be deemed to bar this appeal, and U.L., which argues that we should hold as a matter of law that this release precludes any claim by the Osbornes against U.L.

Although after examining the relevant authorities on this issue [1] we are inclined to believe that this release must stand on its own language without challenge by parol evidence or otherwise, in all fairness to the Osbornes we feel that the case should be remanded to the district court so that it may be determined whether the release moots this appeal. Such a remand is clearly appropriate since the court below has never considered the effect of the release upon the instant appeal; it is only just that the Osbornes be entitled to some hearing before their claim against U.L. is forever barred. Because the issue of mootness raised by U.L.'s motion to dismiss goes to the very heart of our jurisdiction over this appeal, we do not now consider the merits of the Osbornes' challenges against the granting of summary judgment on behalf of U.L. by the court below.[2]

Whatever the district court determines concerning the application of the release to U.L., it should transmit a copy of its findings to this court within 90 days.

For the reasons set forth above, we retain jurisdiction over this appeal and remand the case to the district court for further proceedings consistent with this opinion. *See United States v. Selva*, 546 F.2d 1173 (5th Cir. 1977).

REMANDED.

---

1. *See Morison v. General Motors Corp.*, 428 F.2d 952 (5th Cir.), *cert. denied*, 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141 (1970); *Hurt v. Leatherby Ins. Co.*, 354 So.2d 918 (Fla. 4th Dist. Ct. App. 1978); *Quarterman v. City of Jacksonville*, 347 So.2d 1036 (Fla. 1st Dist. Ct. App.), *cert. denied*, 354 So.2d 984 (Fla.1977); *Weatherford v. Ryder Truck Rental & Leasing, Inc.*, 344 So.2d 937 (Fla. 3d Dist. Ct. App. 1977); *Dean v. Bennett M. Lifter, Inc.*, 336 So.2d 393 (Fla. 3d Dist. Ct. App. 1976), *cert. denied*, 345 So.2d 421 (Fla.1977); *Hester v. Gatlin*, 332 So.2d 660 (Fla. 2d Dist. Ct. App. 1976).

2. The Osbornes have argued that the issue of the effect of the release upon U.L. is not properly before us because it was only raised by U.L. in its motion to dismiss this appeal, which was filed over two months after the Osbornes filed their notice of appeal. This argument disregards the fact that we lack jurisdiction to hear this appeal if it has been mooted by the execution of a general release which barred the Osbornes' claim against U.L. *See SEC v. Medical Comm. for Human Rights*, 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972); *Locke v. Board of Public Instruction*, 499 F.2d 359 (5th Cir. 1974). On its face the release clearly applies to the claim at issue here, so the most we may do at this time is remand the case for further proceedings on the issue of the application of the release to U.L. *See Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978); *Concerned Citizens v. Sills*, 567 F.2d 646, 649–50 (5th Cir. 1978).