HENDRY, Judge.
This is an appeal by plaintiff below from a summary final judgment entered in favor of the defendants in an action by plaintiff for personal injuries arising out of two rear-end collisions. Plaintiff struck the right rear bumper of an automobile in front of her with her left front bumper as she was attempting to change traffic lanes. As she pulled into the other lane her vehicle was struck in the rear by a truck owned by the defendant Sealtest Foods Division of Kraftco Corp. The impact pushed the plaintiff’s vehicle through an intersection causing her to be injured.
During the litigation between the plaintiff and the defendants, she brought an uninsured motorist claim for the accident which she alleged was caused by an automobile that cut in front of her. An arbitration panel awarded plaintiff money damages and she signed a release for the uninsured motorist carrier. The release stated, in pertinent part:
“[T]he undersigned [Hanna S. Lipman] hereby releases and forever discharges State Farm Mutual Automobile Insurance Company, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 14th day of November, 1974 at or near Indian Creek and 65th Street.” [Emphasis added.]
The defendants pleaded the release was a bar to plaintiff’s cause of action. On motion for summary judgment, the trial court held that the release was a bar to the plaintiff’s action and entered summary final judgment in favor of the defendants.
*606 It is plaintiff’s contention in this appeal that the trial court erred in its holding, since there was more than one collision the release was not sufficient to bar her cause of action. We cannot agree. It is our view that the release pleaded covered all claims which the plaintiff might have had against the defendants. Weatherford v. Ryder Truck Rental & Leasing, Inc., 344 So.2d 937 (Fla. 3d DCA 1977); Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla. 3d DCA 1976); Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976).
Affirmed.