John A. OSBORNE and Niwana
Osborne, Plaintiffs-Appellants,

v.

The COLEMAN COMPANY,
INC., Defendant,

Underwriters' Laboratories, Inc.,
Defendant-Appellee.

No. 76–2559.

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1979.

Jon E. Krupnick, Kevin A. Malone, Fort Lauderdale, Fla., for plaintiffs-appellants.

John W. Fleming, Fort Lauderdale, Fla., for defendant.

Edward H. Hickey, John P. Scotellaro, Chicago, Ill., for Underwriters' Laboratories.

Before WISDOM, TJOFLAT and VANCE, Circuit Judges.

PER CURIAM:

The facts and issue presented in this case were set forth in our prior opinion at 592 F.2d 1239 (5th Cir. 1979) (per curiam). On remand, the district court, after a hearing, found that under Florida law parol evidence to modify the clear and unambiguous terms of the release at issue here is inadmissible. *See id.* at 1241 n.1. Accordingly, it found that the Osbornes' appeal against Underwriters' Laboratories, Inc. (U.L.) is moot. We agree with this decision.

As the court below held, the authorities cited by the Osbornes in support of their contention that parol evidence should be admitted to vary the terms of the release, *see Ayr v. Chance*, 372 So.2d 1000 (Fla. 4th Dist.Ct.App.1979); *Alexander v. Kirkham*, 365 So.2d 1038 (Fla. 3d Dist.Ct.App.1978), are distinguishable from this case. Here, the Coleman Company, Inc. (Coleman) has not admitted that the release was executed pursuant to a mutual mistake, *cf. id.* at 1039–40; at best, the Osbornes produce the mere affidavits of Coleman's attorney that Coleman did not intend to release U.L. as an appendix to the supplemental brief filed with us after the district court's order on remand. These affidavits are not in the record before us (and apparently were not proffered to the district court at the hearing on remand). Further, Coleman is potentially liable to U.L. for indemnification of any sums U.L. might have to pay the Osbornes if the release does not apply here. *See Ayr v. Chance*, 372 So.2d at 1001 n.1.

We think we have been more than fair to the Osbornes in this case. Rather than deciding what seemed readily apparent, *i. e.*, that the release they signed with Coleman mooted this appeal, we remanded the case for a hearing on this matter. After a hearing, the district court correctly held that parol evidence cannot modify the language of the release. When the Osbornes later complained to us that they were not accorded a fair hearing by the district court, we requested a transcript of that proceeding or, in the alternative, a stipulation of exactly what transpired there. We were informed that no transcript could be prepared, and provided a bare stipulation which gave little indication of the events at the hearing. We have no way of knowing whether the Osbornes even brought to the district court's attention the evidence they now allege on appeal indicates a mutual mistake by themselves and Coleman. The Osbornes bear the burden of convincing us that the court below erred in its decision. They have fallen far short of meeting this burden. The order of the district court finding that this appeal should be dismissed as moot is affirmed and the appeal dismissed.

DISMISSED.