THOMPSON, Judge.
This is an appeal from a final judgment granting reformation of a deed given by Jacobs to the Hightowers. We reverse.
Marjorie Jacobs was the owner of approximately 300 acres of land in Jefferson County known as Hilltop Acres. In 1982 the Hightowers contacted her husband and expressed an interest in purchasing a 25 acre parcel. In response her husband, Dr. Jacobs, sent the Hightowers an aerial photograph of Hilltop Acres showing it divided into nine 20-25 acre parcels. Parcel 10, an approximately 75 acre parcel, was already sold. The Hightowers understood that the aerial photograph was a general representation of the boundary lines and they decided to purchase a 25 acre parcel located in the southeast comer of Hilltop Acres designated on the photograph as parcel 9. Pursuant to Dr. Jacobs’ instructions the High-towers retained Tom Howard on behalf of Mrs. Jacobs to survey the parcel and establish its ^boundaries. It was the parties’ intent that the northern boundary of the parcel would be an existing road and that the eastern and southern boundaries would be the eastern and southern boundaries of the Jacobs property. The surveyor was to establish the western boundary such that parcel 9 was comprised of 25 acres. The survey was completed in December 1982 and the Hightowers visited the property shortly thereafter and located the monuments. They were concerned about the placement of the monuments on the eastern boundary because they did not correspond with the fence line which they assumed delineated the eastern boundary. When they questioned Surveyor Howard about the placement of the monuments he assured them that the monuments were correct and told them to ignore the fence. When they questioned Dr. Jacobs he told them the same thing. The Hightowers acknowledged they knew the Jacobses lived in New York and had not actually seen the monuments.
The closing took place in January 1983 and the Hightowers took possession of the property. Meanwhile the Adairs purchased the remaining parcels 1 through 8 from Mrs. Jacobs. Their surveyor discovered that Howard had made an error in his survey and notified him in April 1983. Howard’s surveying crew had missed an old quarter section monument and as a result the western and eastern boundaries of parcel 9 had each been set 84 feet west of their proper location. The legal description in the Jacobs-Hightower deed was correct but the markers placed on the property were erroneous. The 84 foot error in Howard’s survey resulted in the Adairs’ 153 acre parcel being decreased by 2.6 acres. Howard went out to the Hightower property and, without notifying the Hightowers, moved all of the markers east to their proper location. After they were moved the Hightowers discovered the problem and Mr. Hightower asserted that the newly placed markers did not reflect the boundaries of the parcel he purchased.
On December 12, 1985 the Hightowers filed their second amended complaint against the Adairs and Mrs. Jacobs for reformation of their deed and to recover possession of the property. The Adairs counterclaimed to quiet title to the 2.6 acre strip on the western boundary of parcel 9. The case proceeded to trial on April 15, 1986. The final judgment rendered on September 8, 1986 found that Howard had been hired to make the survey of the property by Mrs. Jacobs and had made the erroneous survey as a part of the “original survey.” The court concluded the case was governed by Tyson v. Edwards, 433 So.2d 549 (Fla. 5th DCA), petition for review denied, 441 So.2d 633 (Fla.1983) and that the Hightowers’ title was determined in accordance with the initial placement of the monuments. The Adairs were denied any claim to the 2.6 acres adjoining the High-towers’ western border. Mrs. Jacobs was therefore left with an 84-foot-wide strip of land along the eastern boundary of parcel 9. This appeal from that judgment followed.
Appellants contend that none of the parties ever had any intent that Mrs. Jacobs *984 would retain title to an 84-foot-wide strip on the eastern edge of the Hilltop property. The Hightowers, the purchasers of the property, intended to purchase 25 acres in the southeast comer of Hilltop Acres. Both parties intended that the east boundary of the parcel would be the east boundary of Hilltop Acres, that the south boundary of the parcel would be the south boundary of Hilltop Acres, and that the north boundary would be the road. There was never any intent by any of the parties at any time that the east boundary of the Hightower property would be 84 feet west of the eastern boundary of Hilltop Acres. The deed delivered at the closing contains a correct description of the property the Hightowers intended to buy and Mrs. Jacobs intended to convey.
In ordering reformation of the Hightower’s deed the court relied upon Tyson which held that where there is a discrepancy as to the location of the boundary of a surveyed parcel of land between the monuments placed on the ground by the original surveyor and the recorded plat of that survey, the monuments control. But in the instant case there is no recorded plat of the survey and there is no discrepancy between a recorded plat and the monuments placed on the ground. All original survey monuments correctly marked the eastern boundary of the Jacobs property. There was no error in the location of the original survey monuments of the eastern boundary, Surveyor Howard merely overlooked these monuments in marking the eastern boundary of the Jacobs property and the Adair parcel. Howard correctly described the property to be sold but incorrectly marked it on the ground. The facts in Tyson and the facts in this case are not similar. Reformation was therefore erroneously granted on that theory.
There was no mutual mistake by the parties that could be the basis for reformation of the deed. Jacobs thought she was selling 25 acres from the southeast comer of her properly. The Hightowers thought they were purchasing 25 acres on the southeast comer of the Jacobs property. Surveyor Howard prepared a legal description to 25 acres in the southeast comer of the Jacobs property. The only mistake was in marking the properly described parcel on the ground. A unilateral mistake made by a third party acting on behalf of one of the parties cannot be the basis for ordering reformation of a deed. See Alexander v. Kirkham, 365 So.2d 1038 (Fla. 3d DCA), cert. denied, 375 So.2d 911 (Fla.1979); Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976).
The judgment appealed is reversed and the case is remanded with instructions to enter judgment in favor of the appellants and counter-claimants quieting the title to the 2.6 acres in controversy in the Adairs without prejudice to the appellees to seek rescission and refund of the purchase price.
SHIVERS and NIMMONS, JJ., concur.