782 So.2d 445 (2001)
AMERADA HESS CORPORATION, a Foreign corporation, Appellant,
v.
FEDERATED DEPARTMENT STORES, INC., d/b/a Burdines, Burdines, Inc., The Estee Lauder Companies, Inc., d/b/a Prescriptives, Estee Lauder, Inc., d/b/a Prescriptives, Prescriptives, Inc., Prescriptives, Co., Appellees.
No. 4D00-1536.
District Court of Appeal of Florida, Fourth District.
March 14, 2001.
Rehearing Denied April 24, 2001.
*446 Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A. and Richard B. Doyle, Jr., of Law Offices of Loughren and Doyle, P.A., Fort Lauderdale, for appellant.
Rhea Grossman and Michael Kraft of Carman, Beauchamp, Sang & Topkin, P.A., Boca Raton, for Appellee-Federated Department Stores, d/b/a Burdines and Burdines, Inc.
Caryn Bellus-Lewis of Kubicki Draper, Miami, for Appellees-The Estee Lauder Companies, d/b/a Prescriptives, Estee Lauder, Inc., d/b/a Prescriptives, Prescriptives, Inc., Prescriptives, Co.
SHAHOOD, J.
We have for review the trial court's grant of summary judgment in favor of appellees, the defendants in this action for reimbursement for property damages incurred as a result of the negligence of appellees' employee. We reverse.
On August 23, 1995, Carmen Bernard (Bernard) caused her car to collide with a tractor trailer owned by Amerada Hess Corporation (Hess). On June 7, 1996, Hess settled its claims against Bernard for $10,000, the limits of her insurance policy. The release, which was signed by John Talarico (Talarico), a Hess representative, states that Hess
does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge Carmen Bernard and Fortune Insurance Company and his, her, their, or its agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen property damage and the consequences thereof resulting or to result from the occurrence....
"Carmen Bernard and Fortune Insurance Company" is hand written into the blank provided in the release; the remainder of the release is typewritten.
On August 20, 1999, Hess filed suit against Federated Department Stores, Inc., d/b/a Burdines, Burdines, Inc. (collectively Burdines), The Estee Lauder Companies, Inc., d/b/a Prescriptives, Estee Lauder, Inc., d/b/a Prescriptives, and Prescriptives, Inc., Prescriptives, Co. (collectively Estee Lauder), seeking a judgment for the property damage it incurred, as well as compensation for the cost of debris and gasoline removal at the scene of the accident. Hess alleged that Bernard was acting as an agent, servant and/or employee of Burdines and/or Estee Lauder at the time of the accident.
Burdines answered the complaint raising several affirmative defenses, including accord and satisfaction. Estee Lauder *447 moved to dismiss the action with prejudice and/or for a more definite statement. First, the company argued that, although the action was styled as a negligence claim, it was really an action for contribution, which was barred by the one-year statute of limitations. Estee Lauder sought to know the date of any final judgment or settlement resulting from the underlying claim.
Thereafter, Burdines filed a motion for summary judgment, arguing that the property damage release between Bernard and Hess precludes this action against Burdines and Estee Lauder. Estee Lauder filed the same motion. In response, Hess filed the affidavit of Talarico, wherein he stated that the release was never intended to serve as a release of Burdines and Estee Lauder, only Bernard and her insurance company, because at the time the release was executed, Hess did not know that Bernard was acting within the scope of her employment with Burdines, Estee Lauder, or any other entity. Following a hearing, the court granted Final Summary Judgment in favor of Burdines and Estee Lauder, finding that "[t]he release executed on behalf of Amerada Hess Corporation is clear and unambiguous and the handwritten information on the release did not create an issue of fact." Final judgment was entered in favor of Burdines and Estee Lauder on April 18, 2000. This appeal followed.
The issue presented is whether the fact that some words in the release are written and others are typed creates a latent ambiguity precluding summary judgment. Hess maintains that the release is inherently ambiguous, while Burdines and Estee Lauder argue that the release clearly and unambiguously releases them from any claims. In finding in favor of Burdines and Estee Lauder, the trial court cited Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla. 3d DCA 1976), cert. denied 345 So.2d 421 (Fla.1977).
In Dean, a minor child was hit and killed by a car driven by an employee of Bennett M. Lifter, Inc. Id. at 394. The child's estate and her insurance company began settlement negotiations with the driver, but filed suit against the employer. Id. During the pendency of the suit, the estate settled its claim with the driver for the limits of the insurance policy. Id. The estate executed a standard form release, which included the following language:
Know All Men By These Presents, that the Undersigned do(es) hereby acknowledge receipt of ... ($10,000.00) which... is accepted in full compromise settlement and satisfaction of, and as sole consideration for the final release and discharge of, all actions, claims and demands whatsoever, that now exist, or may hereafter accrue, against GEORGE HERMETET and GATEWAY INSURANCE COMPANY and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned....
Id. at 394.
Thereafter, based on the release, Lifter, the employer, moved for a summary judgment, and submitted the affidavit of the attorney who had prepared the release. Id. The attorney stated that, at the time of the execution of the release, he and the plaintiffs attorney had discussed the fact that the driver was an independent contractor, and not an employee of Lifter. Id. He added that, during the negotiations, he received a letter from the plaintiffs attorney stating that they wished to release only the driver, and not Lifter. Id. at 394-95. Pursuant to that letter, the parties executed the release, intending to release only the driver and not his employer. Id.
*448 The trial court in Dean granted the motion for summary judgment. The appellate court affirmed the trial court, holding that
[t]he clear and unambiguous terms of a release may not be changed upon a claim of unilateral mistake where that mistake results solely from the want of due care and diligence exercised by persons of reasonable prudence under the same circumstances. [citation omitted]. When Hermetet, who is not a party to this action, paid the $10,000, he secured the release for himself and bought the possible right to proceed against any other joint tortfeasors for contribution. [citation omitted].
Id. at 395.
In Hurt v. Leatherby Ins. Co., 354 So.2d 918 (Fla. 4th DCA 1978), quashed by 380 So.2d 432 (Fla.1980), this court followed Dean and held that "a written release to one or more named joint tort-feasors and to `any other person, corporation, association or partnership which might be charged with responsibilities' also releases any joint tort-feasors not specifically named in the release." Id. at 918. In that case, the injured plaintiff's express release of the driver of the car that hit him, the owner of that car, and the owner's insurer was held to release also the driver of the car in which the plaintiff was riding at the time of the accident. Id. The court recognized that, at that time, section 768.041, Florida Statutes (1975), provided that "a release as to one tort-feasor shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort." Id. The court concluded, however, that the statute did not "prevent a person from giving a release that discharges the liability of all who might be charged with responsibility." Id. at 919. Therefore, the court stated that if the plaintiff had intended to limit his release to only three people, he could have simply deleted the all-inclusive language. Id. Further, as did the court in Dean, this court rejected the plaintiff's claim of unilateral mistake. Id.
On review of this court's decision in Hurt, the supreme court reversed, holding that "whether a general printed release is effective to discharge other than specifically named tortfeasors is a question of fact." Hurt, 380 So.2d at 434. The supreme court held that release forms which are, for the most part, pre-printed and "boilerplate," but which have blanks left to write in the names of those specifically discharged, create a latent ambiguity which must be resolved by the introduction of extrinsic evidence of the parties' intentions. Id. The court added that, while Florida has not gone so far as to allow discharge of only those specifically named in the release, "the manifestation of intent must be more explicit than signing a printed form which happens to contain broad, general release language in addition to providing spaces for the specifically discharged parties." Id.
Despite the best efforts of Burdines and Estee Lauder to distinguish Hurt from this case, we find it to be indistinguishable. The release between Bernard and Hess is exactly the type to which the supreme court's opinion in Hurt is addressed. Without enunciating exceptions, the supreme court broadly held that such forms create a latent ambiguity. Compare Sheen v. Lyon, 485 So.2d 422 (Fla.1986)(holding that a completely typewritten release purporting to release an employer and his agents applied to also release a former employee, even though the former employee was not specifically named in the release). Consequently, the trial court in this case erred in granting summary judgment in favor of Burdines and Estee Lauder because an issue of fact remains as to *449 whether the parties to the release intended that Burdines and Estee Lauder also be released. The cause is, therefore, remanded for further proceedings.
REVERSED AND REMANDED.
WARNER, C.J., and FARMER, JJ., concur.