# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10888

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2024

Lyle W. Cayce
Clerk

SENTRY INSURANCE,

*Plaintiff—Appellant*,

*versus*

JAMES J. MORGAN, *doing business as* MORGAN & SON RACING
ENGINES,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-1185

---

Before DAVIS, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:

Sentry Insurance appeals the district court's dismissal of its petition
to appoint an umpire for lack of subject matter jurisdiction. For the reasons
set forth below, we REVERSE the judgment of the district court and
REMAND for additional proceedings.

No. 23-10888

## I.    Background

James J. Morgan is an individual who operates as a business. On December 7, 2020, two of Morgan's properties suffered wind and hail damage from a storm. At the time of the damage, Sentry insured both properties. Sentry determined the damages totaled $190,768.33. After deducting ordinance and law, recoverable depreciation, and the deductible, Sentry paid Morgan $61,026.93. Morgan estimated that his amount of loss was $499,832.29 for building damage and $40,593.76 for damage to contents. Accordingly, he demanded Sentry pay an additional $349,657.22. Sentry refused.

Under the insurance policy, the parties could turn to an appraisal process if they could not agree on the amount of loss. The policy provides:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss.

Pursuant to the contract, Morgan demanded appraisal. Sentry and Morgan then each appointed an appraiser, but the appraisers could not agree on an umpire for more than fifteen days. Accordingly, Sentry filed a petition for the district court to "select a competent and impartial umpire, in order that the appraisal process under the insurance contract can move forward to a conclusion." Morgan subsequently filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked subject

matter jurisdiction because the petition did not meet the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. The district court agreed and granted the motion to dismiss.  Sentry timely appealed.

## II.     Jurisdiction & Standard of Review

We always have jurisdiction to determine jurisdiction, *United States v. Ruiz*, 536 U.S. 622, 628 (2002), and we have jurisdiction over the district court's final order, 28 U.S.C. § 1291.

In reviewing a district court's dismissal for lack of subject matter jurisdiction, we review the district court's legal conclusions de novo and factual conclusions for clear error.  *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).  As the party invoking federal jurisdiction, Sentry has "the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *See id.*

## III.     Discussion

Sentry challenges the district court's conclusion that the petition did not meet the amount-in-controversy requirement for diversity jurisdiction. On appeal, Morgan raises additional arguments that the district court lacked subject matter jurisdiction.  We discuss each issue in turn.

### A. Amount in Controversy

Under 28 U.S.C. § 1332, federal courts have jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  "In an action for declaratory relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented."  *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (per curiam) (internal quotation marks and citation omitted).  We have not yet addressed how to assess the amount in controversy for petitions

to appoint an umpire for appraisal, and the district courts within this circuit are split on the issue. *Compare Mi Realty, LLC v. Atl. Cas. Ins. Co.*, No. 3:21-CV-00368-L, 2022 WL 705861, at *3 (N.D. Tex. Mar. 8, 2022) ("[T]he umpire's anticipated valuation cannot be the measure of the amount in controversy because there is no present right to be protected or injury to be prevented." (internal quotation marks and citation omitted)) *with Bogle v. Great N. Ins. Co.*, No. 22-3092, 2022 WL 17177483, at *1 (E.D. La. Nov. 23, 2022) (holding that the amount in controversy is "the amount claimed to be due under the policy").

Here, the district court concluded that the right to be protected is the parties' contractual right to have an umpire examine the difference between two appraisers' estimates and determine the amount of loss. Under this view, the district court held that it could not assess the value of that right because the appraisers had not yet made their estimates. We disagree; Sentry's petition establishes an amount in controversy over $75,000.

The district court erred by narrowly construing the right to be protected. Umpires are central to the adjudication of insurance disputes, and their appointment, as set out in the parties' contract here, is often a necessary step before appraisers can even make their estimates. Without the appointment of an umpire, parties risk not being able to adjudicate their claims at all. Thus, in an action seeking the appointment of an umpire for appraisal, the right to be protected is the right to continue with the appraisal process. The value of this right is the disputed amount set to be resolved through appraisal.

Here, Sentry's petition establishes—and Morgan does not contest—that Morgan has demanded an additional $349,657.22 under the policy.[1] The amount to be resolved through appraisal is thus well over $75,000, and Sentry has met its burden of establishing that the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.

Accordingly, we REVERSE the judgment of the district court dismissing the petition for lack of subject matter jurisdiction.

## B. Justiciability & Civil Action

For the first time on appeal, Morgan raises two additional subject-matter-jurisdiction arguments: (1) whether the petition presents a justiciable case or controversy under Article III of the Constitution, and (2) whether the petition constitutes a "civil action" under 28 U.S.C. § 1332. "A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017) (quotation omitted). However, "a court of appeals sits as a court of review, not of first view," *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (quotation omitted), and the district court did not have the opportunity to consider Morgan's arguments in the first instance.

Accordingly, we REMAND this case to the district court for consideration of Morgan's additional jurisdictional arguments. *See Osborne v. Coleman Co.*, 592 F.2d 1239, 1241 (5th Cir. 1979) (per curiam) (remanding

---

[1] Morgan argues that recent Supreme Court precedent prohibits looking through the petition to the underlying dispute to determine the amount in controversy. *See Badgerow v. Walters*, 596 U.S. 1, 5 (2022) ("Without [a] statutory instruction, a court may look only to the application actually submitted to it in assessing its jurisdiction."). But here, Sentry's petition on its face establishes that the amount in dispute is approximately $350,000, as that is the amount at risk if the parties cannot continue with appraisal.

for mootness determination because the district court had not considered the effect of the potentially mooting event); *cf. Hancock Cnty. Bd. of Sup'rs v. Ruhr*, 487 F. App'x 189, 200–01 (5th Cir. 2012) (remanding mootness issue for further factual development).

## IV.   Conclusion

For the reasons set forth above, we REVERSE the judgment of the district court dismissing Sentry's petition for failing to meet the amount-in-controversy requirement for diversity jurisdiction and REMAND this case for the district court to consider Morgan's additional subject-matter-jurisdiction arguments.