Harold J. Hughes, J.
This is a motion by the defendant and third-party plaintiff to dismiss plaintiff’s cause of action on the ground that the action may not be maintained because of a release (CPLR 3211, subd. [a], par. 5).
Plaintiff’s cause of action to recover damages for her personal injuries arose out of an automobile accident which occurred on June 13,1971. Plaintiff was a passenger in defendant’s vehicle which collided with another vehicle operated by Marjorie Ortell, the third-party defendant. On September 22, 1972, plaintiff executed a release to Marjorie Ortell for the sum of $10,000. The release discharged Marjorie Ortell and “ all other persons, firms and corporations ” from any and all actions and claims arising out of the accident. It is the contention of the defendant Cynthia Hale that the action may not be maintained against her because of this release. The third-party defendant has joined in support of this motion.
*257 Section 15-108 of the General Obligations Law provides: “ When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater.”
Prior to the amendment of article 15 of the General Obligations Law effective September 1, 1972, this release would have been a complete defense to plaintiff’s action against the defendant Hale (Berlow v. New York State Thruway Auth., 29 N Y 2d 949; Malvica v. Blumenfeld, 28 N Y 2d 851; Williams v. Pitts, 40 A D 2d 1057). As Williams (supra) pointed out, the Legislature amended article 15 to eliminate the inequities of the common-law rule that a general release given to one tortfeasor discharges all others.
Before the amendment by the Legislature, it had been urged that the antiquated common-law rule should be laid to rest (see Berlow v. New York State Thruway Auth., 35 A D 2d 356, 359 [concurring opinion, Greenblott, J.]). Mr. Justice Greenblott cited with approval the statement of Dean Prosser that a plaintiff should never be compelled to surrender his cause of action against any wrongdoer unless he has intentionally done so.
As was pointed out in the Report of the Law Revision Commission for 1971 (see N. Y. Legis. Doc. 1972, No. 65[K]), the common-law rule set a trap for the average man, who quite •reasonably assumed that settling his claim with one person does not have any effect on his rights against others with whom he did not deal. At present, i.e., under the amendment, it is necessary for the claimant to make an express disclaimer in his release of any intent to release persons other than those named in it.
With due consideration for the mischief which the Legislature sought to remedy (see McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 95), this court construes section 15-108 of the General Obligations Law as requiring the release to expressly designate by name or tó otherwise specifically describe or identify those other tort-feasors whom the releasor intends to release so as to demonstrate the clear intent of the *258 releasor. As a matter of law, the broad language of the release in the present case, interspersed with additional verbiage on a printed form, does not satisfy the statutory requirement.
The motion of the defendant to dismiss the complaint is denied, without costs.