354 So.2d 918 (1978)
Nolan HURT and Florence Hurt, His Wife, Appellants,
v.
LEATHERBY INSURANCE COMPANY, etc., et al., Appellees.
No. 76-2468.
District Court of Appeal of Florida, Fourth District.
January 31, 1978.
Andrew A. Graham and Frank R. Pound, Jr. of Lovering, Pound & Lober, Rockledge, for appellants.
Barbara Kane of Smalbein, Eubank, Johnson, Rosier & Bussey, Rockledge, for appellees.
ALDERMAN, Chief Judge.
The determinative issue in this appeal is whether a written release to one or more named joint tort-feasors and to "any other person, corporation, association or partnership which might be charged with responsibilities" also releases any joint tort-feasors not specifically named in the release. We hold that it does.
The plaintiff, Nolan Hurt, sustained personal injuries in an automobile accident when the vehicle in which he was a passenger collided with another vehicle operated by Joan Hatmaker, owned by Vivian Whitcomb and insured by Reserve Insurance Company. Hurt's claim against Hatmaker and Whitcomb was settled for $10,000, the limits of Reserve's coverage. Hurt gave a written release specifically naming Hatmaker, Whitcomb and Reserve; in addition, the release provided that "any other person, corporation, association or partnership which might be charged with responsibility" was released. Following the settlement, Hurt filed the present suit against Eugene Robertson, the driver of the automobile in which he was a passenger and Leatherby Insurance Company, Robertson's insuror. The trial court granted summary final judgment in favor of the defendants based upon the release that had been given in the previous settlement.
Prior to 1957 the rule in Florida was that a release or discharge of one or more joint tort-feasors was a discharge of them all. 28 Fla.Jur., Release, § 19. At the present time, however, Section 768.041, *919 Florida Statutes (1975), provides that a release as to one tort-feasor shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort. Therefore, if Hurt had released only Hatmaker, Whitcomb and Reserve, the defendants Robertson and Leatherby would not have been released. But Hurt's release was not limited to Hatmaker, Whitcomb and Reserve; it also released "any other person, corporation, association or partnership which might be charged with responsibility." While Section 768.041 allows a release of less than all joint tort-feasors it does not prevent a person from giving a release that discharges the liability of all who might be charged with responsibility.
Hurt's release discharges all tort-feasors. If he had intended to limit the release to Hatmaker, Whitcomb and Reserve it would have been a simple matter for him to have deleted the all inclusive language. Hurt argues, however, that he made a unilateral mistake and that he really didn't intend to release everybody. This is not sufficient. The clear and unambiguous terms of a release may not be changed upon a claim of unilateral mistake where that mistake results solely from the want of due care and diligence. Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla.3d DCA 1976); see also Lester v. Gatlin, 332 So.2d 660 (Fla.2d DCA 1976).
AFFIRMED.
STETTIN, HERBERT, Associate Judge, concurs.
DREW, E. HARRIS (Ret.), Associate Judge, dissents with opinion.
DREW, E. HARRIS (Ret.), Associate Judge, dissenting:
Because of my firm conviction that the two cases[1] relied on by Judge Alderman in the majority opinion are wrong, I respectfully dissent.
The release in this case which runs to the named tort-feasors and to any other person or legal entity in the world "which might be charged with responsibility" for the tort, is, in my opinion, a deliberate frustration of the Statute[2] which is designed to correct the evil which has so long existed in this area of the law, and is therefore contrary to the public policy established by that action of the Legislature and, as drawn, is void.
Other jurisdictions have passed on this issue and disposed of it in a manner in which I am in accord. In Alaska[3] the Court had before it a release releasing a specifically named person and "all other persons, firms, corporations, associations", etc. A summary judgment was rendered in favor of an unnamed tort-feasor. Although Alaska had no statute similar to 768.041, supra, in reversing the summary judgment the Court said:
"In our opinion the rule which will bring most clarity to this area of ambiguous and conflicting release rules is one under which a release of one tort-feasor does not release other joint tort-feasors unless such tort-feasors are specifically named in the release. We are of the further view that adoption of this rule will insure that the intent of the parties to the release is given effect and will greatly minimize the possibility of any party being misled as to the effect of the release."
The Court stated further:
"Neither appellee Peter Kiewit nor the State of Alaska are specifically mentioned in the body of the release. In light of this circumstance, we hold that the release in question did not have the effect of releasing Peter Kiewit or the State of Alaska."
In 1971 the Texas Supreme Court followed the reasoning of the Alaska Court and quoted at length from an opinion by Mr. Justice Rutledge[4] when he was serving *920 on the Court of Appeals of the District of Columbia, as follows:
"The rule's results are incongruous. More often than otherwise they are unjust and unintended. Wrongdoers who do not make or share in making reparation are discharged, while one willing to right the wrong and no more guilty bears the whole loss. Compromise is stifled, first, by inviting all to wait for the others to settle and, second, because claimants cannot accept less than full indemnity from one when doing that discharges all. Many, not knowing this, accept less only to find later they have walked into a trap. The rule shortchanges the claimant or overcharges the person who settles, as the recurring volume and pattern of litigation show. Finally, it is anomalous in legal theory, giving tortfeasors an advantage wholly inconsistent with the nature of their liability."
Moreover, I think the views expressed in this dissent and the cases from other jurisdictions I have relied on are more consistent with the rationale of the Supreme Court in the Sun First National case[5] decided in 1975 and concerning this same statute than the two cases cited in footnote 1 from the Second and Third District Courts of Appeal. Also see case cited in footnote[6].
I would reverse.
NOTES
[1] Dean v. Bennett M. Lifter, Inc., 336 So.2d 393 (Fla.3d DCA 1976); Hester v. Gatlin, 332 So.2d 660 (Fla.2d DCA 1976).
[2] Sec. 768.041, Florida Statutes (1975).
[3] Young v. State, 455 P.2d 889 (1969).
[4] McKenna v. Austin, 77 U.S.App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253 (1943).
[5] Sun First National Bank of Melbourne v. Batchelor, 321 So.2d 73 (Fla. 1975).
[6] Sage v. Hale, 75 Misc.2d 256, 347 N.Y.S.2d 416 (1973).