PER CURIAM.
In this case we have consolidated three related appeals from orders of the circuit court regarding the construction and application of two releases in a personal injury action. Case No. TT-446 presents an appeal from an order granting summary judgment in favor of defendants on the basis of the general language contained in the first release and the invalidity of the second release. Cases No. AF-323 and AF-324 involve appeals from a final declaratory judgment rendered in favor of third-party plaintiffs based upon the intent of Third-Party Defendants Thomas A. Bolig and Home Indemnity Co. in executing the original release.
The circuit court’s order granting summary judgment in Case No. TT-446 was consistent with the law in effect at that time, as set forth in Hurt v. Leatherby Insurance Co., 354 So.2d 918 (Fla. 4th DCA 1978). However, after the lower court’s order dated October 25, 1978, the Florida Supreme Court rendered Hurt v. Leatherby Insurance Co., 380 So.2d 432 (Fla.1980), which held that whether a general printed release is effective to discharge persons oth *106 er than specifically named tortfeasors poses a question of fact. This latter case quashed the decision of the Fourth District Court of Appeal, reversed the summary judgment and remanded for proceedings consistent with the opinion. Relying upon the authority of the supreme court in Hurt v. Leatherby Insurance Co., we likewise reverse the summary judgment entered by the court below and remand the instant cause for an evidentiary hearing to determine the intent of the parties in executing the initial release.
In addition, we affirm the final declaratory judgment entered by the circuit court in Cases No. AF-323 and AF-324.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.