829 P.2d 1272

**Karleen T. SPAIN, Plaintiff/Appellant,**

v.

**GENERAL MOTORS CORPORATION, CHEVROLET MOTOR DIVISION, a foreign corp.; Star Chevrolet–Isuzu, Inc., an Arizona corporation, Defendants/Appellees.**

**No. 2 CA–CV 91–0190.**

Court of Appeals of Arizona, Division 2, Department A.

April 28, 1992.

Risner & Graham by Kenneth K. Graham, Tucson, for plaintiff/appellant.

Kimble, Gothreau & Nelson by William A. Kimble and Negatu Molla, Tucson, and Kirkland & Ellis by Michael D. Jones, Washington, D.C., for defendants/appellees.

OPINION

LIVERMORE, Chief Judge.

Plaintiff Karleen Spain was injured in an automobile accident when her car was struck by a truck driven by Jack Jackson. She sued Jackson and settled with his insurer, Allstate, for policy limits. As part of the settlement, Spain signed the following preprinted release (the underlined terms were handwritten):

This Indenture Witnesseth that, in consideration of the sum of <u>Fifteen Thousand and no/100</u> Dollars (<u>$15,000.00</u>), receipt whereof is hereby acknowledged, for myself and for my heirs, personal representatives and assigns, I do hereby release and forever discharge <u>Gordon A. Jackson, Dorothy B. Jackson, Jack A. Jackson, Allstate Insurance Co.</u> and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to

the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 30th day of December 1988, at or near Sierra Vista, Az.

She thereafter sued defendants, General Motors Corp. and Star–Chevrolet–Isuzu, Inc. claiming that a defective seat belt in her Chevrolet contributed to her injury. She appeals from an adverse summary judgment premised on the ground that the Allstate release released these defendants, as well. We reverse.

In *Adams v. Dion,* 109 Ariz. 308, 509 P.2d 201 (1973), our supreme court rejected the rule that the release of one joint tortfeasor released all others, and adopted the rule in Restatement (Second) of Torts § 885 (1979), that others would be released only if that was the intended result or the release expressly so provided. That has now been codified in A.R.S. § 12–2504. See also *Burrington v. Gila County,* 159 Ariz. 320, 767 P.2d 43 (App.1988). The issue in this case is whether the boiler plate language "and any other person, firm or corporation ... chargeable with ... liability" for the injuries caused by a particular accident is an "express" provision of release. We conclude that it is not.[1]

A release is a contract. *Parrish v. United Bank of Arizona,* 164 Ariz. 18, 790 P.2d 304 (App.1990). That contract in this case was between Spain and Allstate. If defendants are to have any rights under the contract it can only be as third party beneficiaries of it. They can make such a claim, however, only if Allstate and Spain intended directly to benefit them. *Lake Havasu Resort, Inc. v. Commercial Loan Ins. Corp.,* 139 Ariz. 369, 678 P.2d 950 (App.

1983). The record here provides no support for such a finding. Spain denies that she so intended. Allstate does not claim that it did so intend and indeed denies knowing of any potential claim against these defendants. Under ordinary contract principles, therefore, these defendants have no rights under the release contract.[2] See generally Restatement (Second) of Contracts § 302 (1981); 3 E. Farnsworth, Contracts § 10.3 (1990).

Other courts have reached this same conclusion by requiring that for a release to be "express" within the meaning of requirements analagous to *Adams,* supra, and statutes identical to § 12–2504, the entity released must be named or otherwise specifically identified. *Young v. State,* 455 P.2d 889 (Alaska 1969); *Moore v. Missouri Pacific R.R.,* 299 Ark. 232, 773 S.W.2d 78 (1989); *Alsup v. Firestone Tire & Rubber Co.,* 101 Ill.2d 196, 77 Ill.Dec. 738, 461 N.E.2d 361 (1984); *Aid Ins. Co. v. Davis County, Iowa,* 426 N.W.2d 631 (Iowa 1988); *Beck v. Cianchetti,* 1 Ohio St.3d 231, 439 N.E.2d 417 (1982); *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984); *Bjork v. Chrysler Corp.,* 702 P.2d 146 (Wyo.1985).

Whatever analysis is applied, this release does not provide a defense to defendants. The judgment is reversed.

LACAGNINA, P.J., and HOWARD, J., concur.

---

1. Given the breadth of this release, were we to rule otherwise we would release not only the defendants but everyone else in the world liable to plaintiff for any cause of action whether or not related to the automobile accident. Such a construction of the release would be, of course, absurd.

2. The same result is reached by those courts that hold that non-parties to the release are themselves released only if the parties so intended and that the language of a general release did not preclude a different showing of actual intent. *Hurt v. Leatherby Ins. Co.,* 380 So.2d 432 (Fla.1980); *Evans v. Tillett Bros. Const. Co., Inc.,* 545 S.W.2d 8 (Tenn.1976). Once intent to release a third party is shown, that party becomes an intended beneficiary.