**Dale CHILD, Plaintiff and Appellant,**

v.

**Andria D. NEWSOM, Defendant and Appellee.**

No. 930505.

Supreme Court of Utah.

March 10, 1995.

Peter C. Collins, Jennifer L. Falk, and John W. Holt, Salt Lake City, for plaintiff.

Donald J. Purser, Salt Lake City, for defendant.

RUSSON, Justice:

Dale Child appeals from the trial court's entry of summary judgment, dismissing his wrongful death action against Andria D. Newsom. We reverse and remand.

FACTS

The pertinent facts in this case are undisputed. On April 17, 1991, Dale Child's 15–

year–old daughter, Melinda, was killed in a motor vehicle accident. The accident occurred when the vehicle in which she was a passenger, driven by Jesse Deller, a minor, turned in front of oncoming traffic and collided with a vehicle driven by Andria D. Newsom.

On July 22, 1991, Dale Child agreed to a settlement of his claims against Jesse Deller and Jesse's parents. The settlement terms provided that the Dellers' insurer, American States Insurance (American States), pay Child the Dellers' policy limit of $50,000 in exchange for Child's signing a release discharging the Dellers, American States, all agents and employees thereof, "together with all other persons, firms and corporations," from all liability arising from the accident.

Subsequent to signing the settlement agreement and release,[1] Child filed a wrongful death action against the driver of the other car, Newsom, alleging that at the time of the accident, Newsom negligently failed to pay attention, failed to avoid the accident, and failed to drive at or below the speed limit and that such was a proximate cause of the death of his daughter. Newsom moved for summary judgment on the ground that the release signed by Child discharging the Dellers and American States from liability released her as well. The trial court granted the motion.

Child appeals, arguing that the trial court incorrectly concluded that under Utah Code Ann. § 78–27–42, the release discharged Newsom from liability even though it did not specifically name her.[2] Newsom responds that the trial court correctly determined that under section 78–27–42, even parties not specifically named in a release may be included within the general release terms "all other persons, firms and corporations."

## STANDARD OF REVIEW

■ Summary judgment is proper only when there are no genuine issues of material

fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). Because we resolve only legal issues on appeal from a summary judgment, we do not defer to the trial court's conclusions of law but review them for correctness. *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989); *accord Higgins*, 855 P.2d at 235. On appeal, "[w]e determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact." *Ferree*, 784 P.2d at 151 (citing *Bushnell Real Estate, Inc. v. Nielson*, 672 P.2d 746, 749 (Utah 1983); *Bowen v. Riverton City*, 656 P.2d 434, 436 (Utah 1982)).

## ANALYSIS

■ On appeal, Child asserts that under Utah Code Ann. § 78–27–42, a release must contain specific language discharging a defendant from liability and, therefore, the boilerplate language contained in the release at issue in the present case was insufficient to discharge Newsom. Newsom responds that such specificity is not required under section 78–27–42. The interpretation of a statute is a matter of law, which we review for correctness, granting no deference to the trial court's interpretation. *See State v. Larsen*, 865 P.2d 1355, 1357 (Utah 1993); *Ward v. Richfield City*, 798 P.2d 757, 759 (Utah 1990).

Utah Code Ann. § 78–27–42 provides, "A release given by a person seeking recovery to one or more defendants does not discharge any other defendant unless the release so provides." The term "defendant" is further defined by Utah Code Ann. § 78–27–37 as "any person not immune from suit who is claimed to be liable because of fault to any person seeking recovery." Clearly, Newsom

---

1. The settlement agreement and release were also signed by Melinda's mother, brother, and sisters.

2. Child additionally argues on appeal that even if the trial court was correct in concluding that the release discharged Newsom from liability, either the language of the release ought to be reformed

due to the mutual mistake of the parties signing the release or, in the alternative, the release should be invalidated due to negligent misrepresentation by American States. However, because we dispose of this case on the basis of the language of the release as written, we do not address Child's other arguments on appeal.

is a defendant under these sections and would not be discharged "unless the release so provides." Utah Code Ann. § 78–27–42.

■ In the present case, the interpretation of the statutory phrase "unless the release so provides" is particularly critical because the release at issue states, with our emphasis:

> [The Childs] do hereby release and forever discharge Jim and Paula Deller, and American States Insurance, their insurer, and all agents and employees thereof, together with *all other persons, firms and corporations*, of and from any and all existing or possible actions, causes of actions, claims, demands, damages, costs, fees, and expenses of any kind, on account of, or in any way arising from or related to all known and unknown personal injuries, death, or property damage resulting from [the accident in question].

Accordingly, we must determine whether the phrase "all other persons, firms and corporations" contained in this release is sufficient to discharge Newsom from liability in light of section 78–27–42's provision that a release obtained by one defendant does not discharge any other defendant unless the release so provides.

**3.** Utah Code Ann. §§ 15–4–1 to –7.

**4.** We recognize that this conclusion is contrary to the result reached by the Utah Court of Appeals in *Krauss v. Utah State Department of Transportation*, 852 P.2d 1014, 1019 (Utah Ct. App.1993), upon which the trial court relied in granting Newsom's motion. However, we are not bound by that decision, *see Consolidation Coal Co. v. Utah Div. of State Lands & Forestry*, 886 P.2d 514, 524–25 n. 14 (Utah 1994) (recognizing that "[t]his court is never bound by decisions of the court of appeals and does not need to overcome any particular hurdles in overruling them"), nor are we persuaded by its reasoning. The court of appeals concluded that specificity in a release is not required under section 78–27–42 because in adopting that section, the Utah legislature chose to adopt a version of a model act entitled the Uniform Contribution Among Tort-feasors Act (UCATA), rather than another model act called the Uniform Joint Obligations Act (UJOA). *See Krauss*, 852 P.2d at 1018–19. UCATA states that a joint tort-feasor is not discharged "unless [the release] terms so provide," whereas UJOA states that joint tort-feasors are not dis-

To properly interpret section 78–27–42, consideration must be given to the history behind it. *See, e.g., Hansen v. Salt Lake County*, 794 P.2d 838, 841 (Utah 1990). Section 78–27–42 was enacted to repeal section 15–4–4 of the Joint Obligations Act,[3] which had codified the common law rule that a release of one tort-feasor also released all other tort-feasors. *See Krukiewicz v. Draper*, 725 P.2d 1349, 1350 (Utah 1986). The statute was designed to retain the liability of tort-feasors and reverse the common law rule "so that release of one joint tort-feasor did not automatically release all tort-feasors." *Id.* at 1351.

In light of this statutory purpose, the phrase "unless the release so provides" must be construed narrowly as requiring some degree of specificity.[4] Holding otherwise would necessarily run contrary to the statute's purpose by allowing general release language which does not name or specially identify a particular tort-feasor to discharge that tort-feasor. Such an approach would effectively perpetuate the common law by permitting boilerplate language in a release discharging one tort-feasor to discharge all other tort-feasors in direct opposition to the very statute that was enacted to prevent this from occurring.

charged "unless [the release] terms expressly so provide." Thus, the court of appeals reasoned, if the Utah legislature wanted releases to require specificity, it could have adopted UJOA. *Id.* (citing *Neves v. Potter*, 769 P.2d 1047, 1053 (Colo. 1989)). However, aside from the Colorado case upon which the court of appeals relied, the parties have not presented, and we have been unable to find, any other jurisdictions that have adopted this line of reasoning. To the contrary, numerous other states that have adopted versions of UCATA have concluded, as we do, that some degree of specificity is required under these statutes. *See, e.g., Moore v. Missouri Pac. R.R.*, 299 Ark. 232, 773 S.W.2d 78, 79, 82 (1989); *Alsup v. Firestone Tire & Rubber Co.*, 101 Ill.2d 196, 77 Ill.Dec. 738, 461 N.E.2d 361, 363–64 (1984); *Aid Ins. Co. v. Davis County*, 426 N.W.2d 631, 632, 635 (Iowa 1988); *Beck v. Cianchetti*, 1 Ohio St.3d 231, 439 N.E.2d 417, 419–20 & n. 3 (1982); *Bjork v. Chrysler Corp.*, 702 P.2d 146, 162–63 (Wyo.1985). We therefore conclude that the approach taken by these other states constitutes the better view. Accordingly, insofar as *Krauss* is inconsistent with our holding today, it is overruled.

Moreover, our conclusion is supported by the results reached by numerous other states with similar or identical statutes in cases addressing release language similar to that present in this case. These jurisdictions have unequivocally held that statutory language such as "unless the release so provides" cannot be construed to permit general release language such as "all other persons, firms and corporations" to bring within the terms of a release persons not specifically named, described, or specially identified therein. *See, e.g., Hayden v. Ford Motor Co.*, 278 F.Supp. 267, 270–71 (D.Mass.1967), *cited in Krukiewicz v. Draper,* 725 P.2d at 1351; *Spain v. General Motors Corp.,* 171 Ariz. 226, 829 P.2d 1272, 1273 (Ct.App.1992); *Moore v. Missouri Pac. R.R.,* 299 Ark. 232, 773 S.W.2d 78, 82 (1989); *Alsup v. Firestone Tire & Rubber Co.,* 101 Ill.2d 196, 77 Ill.Dec. 738, 741, 461 N.E.2d 361, 364 (1984); *Aid Ins. Co. v. Davis County,* 426 N.W.2d 631, 635 (Iowa 1988); *Sage v. Hale,* 75 Misc.2d 256, 347 N.Y.S.2d 416, 418–19 (Sup.Ct.1973); *Beck v. Cianchetti,* 1 Ohio St.3d 231, 439 N.E.2d 417, 420 (1982); *Bjork v. Chrysler Corp.,* 702 P.2d 146, 162–63 (Wyo.1985).

For example, the Illinois Supreme Court, in *Alsup v. Firestone Tire & Rubber Co.,* addressing a statute and release language similar to those in the present case, held that the statutory language "unless [the release] terms so provide" should not be interpreted "to allow the legislative intendment of nullifying the common law rule to be frustrated through the use of what are often general release forms." *Alsup,* 77 Ill.Dec. 738, 461 N.E.2d at 364. Similarly, the Ohio Supreme Court, in *Beck v. Cianchetti,* held that because the thrust of its release statute is to retain the liability of tort-feasors, "the phrase 'unless [the release] terms otherwise provide' should be narrowly construed and require a degree of specificity. Allowing a discharge based upon general language which does not name or identify a tortfeasor perpetuates the common law rule and is contrary to statute." *Beck,* 439 N.E.2d at 420; *accord Moore,* 773 S.W.2d at 82.

The same is true in the case before us: the statutory purpose of section 78–27–42 is to reverse the common law rule that discharge of one tort-feasor discharges all tort-feasors, and such purpose cannot be defeated by the use of general boilerplate language in a release. Thus, pursuant to section 78–27–42, a release must contain language either naming the defendant or identifying the defendant with some degree of specificity in order to discharge that defendant from liability. Accordingly, summary judgment was inappropriately granted in this matter.

## CONCLUSION

On the basis of the foregoing, we reverse the trial court's order granting summary judgment in favor of Andria D. Newsom and dismissing Dale Child's cause of action and remand this matter for further proceedings consistent with this opinion.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.