**Bonnie THORNOCK, Plaintiff and Appellant,**

v.

**Dorothy JENSEN, Defendant and Appellee.**

**No. 960681–CA.**

Court of Appeals of Utah.

Dec. 18, 1997.

Nancy L. Mismash and Albert W. Gray, West Valley City, for Appellant.

Stephen J. Trayner and Kenneth W. Maxwell, Salt Lake City, for Appellee.

Before DAVIS, P.J., and GREENWOOD and ORME, JJ.

## OPINION

ORME, Judge:

Plaintiff Bonnie Thornock appeals the trial court's grant of summary judgment in favor of defendant Dorothy Jensen. Plaintiff contends that the release upon which defendant relies is ineffective as to defendant because it lists defendant's husband, instead of defendant, as the person released. We agree and reverse the summary judgment.

## FACTS

On November 15, 1993, plaintiff and defendant were involved in an automobile accident in West Jordan. At the time of the accident, defendant was driving a car insured under a policy issued in the name of her husband, Lowell Jensen. About two weeks after the accident, a claims adjuster for the insurance company met with plaintiff to discuss her claims. During their meeting, plaintiff executed a form release, which is the subject of this appeal, in exchange for $469. The release included only the name of defendant's husband in the blank space where the names of the party or parties to be released are inserted.

In February 1996, plaintiff filed this action against defendant seeking recovery for personal injuries sustained in the accident. After answering the complaint, defendant moved for summary judgment, relying on the release signed by plaintiff. Defendant argued that she came within the ambit of the broad boilerplate language of the release, which purports to release, inter alia, all "successors, heirs, [and] executors" of Lowell Jensen and "all individuals ... [who] could be liable for the above-referenced accident." While she primarily relied on the plain language of the release, defendant also submitted two affidavits from the insurance adjuster in support of her motion. In the first affidavit, the adjuster outlined the circumstances surrounding the signing of the release, but omitted any discussion of why the release names only Lowell Jensen. In the second affidavit, the adjuster stated that he and plaintiff negotiated and intended to release all claims plaintiff had against defendant. He stated that Lowell Jensen's name appeared on the release merely because he "is the policy holder." While he did not say so in either affidavit, the adjuster apparently relied on the boilerplate language to extend the protection of the release to defendant.

Plaintiff offered her own affidavit in response to the adjustor's second affidavit. She averred that the $469 she received was merely intended to cover her broken glasses and lost wages to the date of the release, while her other claims, especially for her substantial medical bills, were to await further resolution. She stated that she "never intended to release anyone, especially the negligent driver, defendant Dorothy Jensen." She also stated that she "took Mr. Lancaster at his word," and that the settlement was only a partial one, resolving only her claims concerning her glasses and lost wages to date.

The trial court granted defendant's summary judgment motion and dismissed plaintiff's action. The court ruled that the release is not ambiguous and that the parties intended the release to apply to plaintiff's claims against defendant. The trial court specifically noted that Lowell Jensen was not involved in the automobile accident with plaintiff and that "there is no grounds for any liability between plaintiff and Lowell Jensen." This appeal followed.

## ISSUE

Basically, we must decide whether a release arising from an automobile accident that identifies by name only the insured, who was not involved in the accident, applies to the driver of the automobile if the driver's name does not appear in the release. If it does apply, either as a matter of law or on the undisputed facts of this case, we must affirm. If it does not, we must reverse.

## STANDARD OF REVIEW

"Summary judgment is only proper when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Anderson v. Dean Witter*

*Reynolds, Inc.,* 920 P.2d 575, 577–78 (Utah. Ct.App.), *cert. denied,* 929 P.2d 350 (Utah 1996). *See* Utah R. Civ. P. 56(c). "Because a challenge to summary judgment requires only review of questions of law, we accord no particular deference to the trial court's conclusions but review them for correctness." *Anderson,* 920 P.2d at 578.

## ANALYSIS

■ The controlling issue is whether Utah Code Ann. § 78–27–42 (1996) applies to the facts of this case. When faced with a question of statutory construction, we will first interpret the statute according to its plain language, " ' "unless such a reading is unreasonably confused, inoperable, or in blatant contravention of the express purpose of the statute." ' " *State Farm Mut. Auto. Ins. Co. v. Clyde,* 920 P.2d 1183, 1186 (Utah 1996) (citations omitted). *See also Allred v. Utah State Retirement Bd.,* 914 P.2d 1172, 1175 (Utah.Ct.App.1996). Accordingly, "[w]e interpret our statutes consistent with sound public policy." *Coulon v. Coulon,* 915 P.2d 1069, 1071 (Utah.Ct.App.1996) (citing *Rowley v. Public Serv. Comm'n,* 112 Utah 116, 121, 185 P.2d 514, 519 (1947)).

■ Section 78–27–42 provides: "A release given by a person seeking recovery to one or more defendants does not discharge any other defendant unless the release so provides." While it would otherwise be possible to conclude that the boilerplate language of the release here "so provides" because defendant is a probable "heir[ ]" of Lowell Jensen or because she is an "individual[ ] [who] could be liable for the . . . accident," the Utah Supreme Court, in *Child v. Newsom,* 892 P.2d 9 (Utah 1995), narrowly construed section 78–27–42 to require that a release "contain language either naming the defendant or identifying the defendant with some degree of specificity in order to discharge that defendant from liability." *Id.* at 12. The *Child* court explained that to allow "boilerplate language in a release discharging one tort-feasor to discharge all other tort-feasors" would contravene the statutory purpose of section 78–27–42 of *reversing* the common-law rule that discharge of one tortfeasor discharges all tortfeasors. *Id.* at 11–

12. Thus, plaintiff contends the trial court erred by granting summary judgment to defendant on the basis of the release because defendant is not named or specifically identified therein as required by section 78–27–42, as construed by the Utah Supreme Court in *Child.*

Although defendant admits in her brief that she would not be released under section 78–27–42 if "Lowell Jensen [were] the only defendant from whom [plaintiff] was seeking recovery when [the insurance adjuster] . . . obtained the Release," defendant argues that neither section 78–27–42 nor *Child* applies because Lowell Jensen is not a "defendant" as that term is used in the statute. In other words, the release is not one that was given to a "defendant," and the statute therefore does not apply. Thus, defendant maintains, traditional contract principles govern and dictate that the expansive preprinted language of the release be held to extend to her.

Section 78–27–37(1) defines "defendant" as "a person, other than a person immune from suit . . . , who is claimed to be liable because of fault to any person seeking recovery." Utah Code Ann. § 78–27–37(1) (1996). "Fault" is defined as

> any actionable breach of legal duty, act, or omission proximately causing or contributing to injury or damages sustained by a person seeking recovery, including negligence in all its degrees, contributory negligence, assumption of risk, strict liability, breach of express or implied warranty of a product, products liability, and misuse, modification or abuse of a product.

*Id.* § 78–27–37(2).

In this case, a simplistic reading of the relevant statutes would suggest that while defendant Dorothy Jensen is a "defendant" under the statute, Lowell Jensen is not such a "defendant" because there is no claim he is "liable because of fault to any person." Defendant's argument, then, is that notwithstanding *her* status as a "defendant" under the statute, the statute simply does not apply because this was not a release "given by a person . . . to [a] defendant[ ]." Rather, this is a release given to an innocent third party, namely, Lowell Jensen.

The difficulty with this position is that it works an absurd result. If Lowell Jensen were claimed to be liable in some way, such as if it were asserted that he failed to warn defendant the brakes did not work or that he gave defendant the keys knowing she was drunk, then the release would be ineffective as to defendant Dorothy Jensen because Lowell would qualify as a "defendant" under the statute. Under such a scenario, the release given here would be viewed as a release "given ... to [a] defendant[ ]," making the statute applicable. And if the statute applies, there is no question that the release is ineffective as to defendant Dorothy Jensen because she is a "defendant" under the statute who is not identified with the requisite clarity in the release. But what logic or policy purpose is served by permitting a defendant not specifically named in a release to be protected from suit if the release was given to an innocent third party, while subjecting the defendant to suit if an identical release were given to a party who might also be at fault? We can think of none.

■ On the contrary, such a bizarre result is " ' "in blatant contravention of the express purpose of the statute." ' " *State Farm Mut. Auto. Ins. Co.*, 920 P.2d at 1186 (citation omitted).

> Section 78–27–42 was enacted to repeal section 15–4–4 of the Joint Obligations Act [Utah Code Ann. §§ 15–4–1 to –7], which had codified the common law rule that a release of one tort-feasor also released all other tort-feasors. *The statute was designed to retain the liability of tort-feasors* and reverse the common law rule "so that release of one joint tort-feasor did not automatically release all tort-feasors."

*Child*, 892 P.2d at 11 (emphasis added) (citations and footnote omitted) (quoting *Krukiewicz v. Draper*, 725 P.2d 1349, 1350 (Utah 1986)). Treating the statute as inapplicable because the release given here was given to someone who does not qualify as a "defendant" under a narrow reading of the statute defeats the purpose of the statute, which is to retain the liability of tortfeasors who are not named in a release. To give effect to the statute, as clarified by our Supreme Court, the focus must remain on the tortfeasor seeking the protection of a release even though not specifically named in it, not on the fortuitous circumstance of whether the party named in the release is really claimed to be at fault. Accordingly, plaintiff's release of Lowell Jensen did not also release defendant.

"[W]e are cognizant of the fact that we are not following the literal wording of the statute, but such is not required when to do so would defeat legislative intent and make the statute absurd." *Johanson v. Cudahy Packing Co.*, 107 Utah 114, 135, 152 P.2d 98, 108 (1944). *See also Rod Warren Ink v. Commissioner*, 912 F.2d 325, 326–27 (9th Cir. 1990) (stating "a court may look beyond a statute's clear meaning in exceptional circumstances," for example, in cases of absurdity or contrary legislative intent); *State v. GAF Corp.*, 760 P.2d 310, 313 (Utah 1988) ("It is axiomatic that a statute should be given a reasonable and sensible construction and that the legislature did not intend an absurd or unreasonable result.") (citation omitted); *State v. One Porsche 2–Door*, 526 P.2d 917, 919 (Utah 1974) ("[The Utah Supreme Court] consistently has pointed up [an absurd result derived from a literal application of a statute] as a valid reason for invalidation of a statute, or a refusal to apply it under particular facts making such application ridiculous."), *overruled in part by State v. One 1983 Pontiac*, 717 P.2d 1338 (Utah 1986); 2A Norman J. Singer, *Sutherland Statutory Construction* § 46.07 (5th ed. 1992) ("Although many expressions favoring literal interpretation may be found in the cases, it is clear that if the literal import of the text of an act is inconsistent with the legislative meaning or intent, or such interpretation leads to absurd results, the words of the statute will be modified to agree with the intention of the legislature.") (footnotes omitted). To embrace defendant's theory is to conclude that the Legislature meant to distinguish between releases given to parties claimed to have some liability and those clearly having none. In the former situation, other potentially liable parties would not be released unless they were specifically named, while if a release were for some reason given to a party claimed to have no liability whatsoever, then parties actually having potential

liability would be gratuitously released whether named or not.

Of course, it is much more likely that the Legislature, in broadly defining "defendant" to include even those "claimed to be liable," never even considered the possibility that releases would be given to parties against whom plaintiffs have no claim whatsoever. Such an oversight is entirely understandable. There is no legitimate occasion for giving a release to someone against whom one has no claim. If such a release is obtained, it will be the product of mistake, or worse, some over-reaching—either a greedy plaintiff extorting the innocent or a devious defendant tricking an unwary plaintiff.

This realization requires us to acknowledge that plaintiff in the instant case might be guilty of taking money from the insurer, intending to release all her claims, and then proceeding with litigation anyway. But such an occurrence would simply not be possible if the insurance adjuster merely added the name of the vehicle's driver to the release instead of relying on boilerplate language that is ineffective. The insurance company's adjuster called on plaintiff and prepared and submitted a release form drafted by the insurer. If an honest mistake occurred in the process, it is not inequitable that the burden fall on the insurance company, which is in the position to properly instruct and supervise its employees. The only other possibility is that the adjuster acted deliberately rather than ineptly, telling plaintiff that in signing a release naming only defendant's husband, the claims against defendant would still be preserved and she could replace her glasses and buy a few groceries in the meanwhile. Obviously, it would be most inequitable to preclude plaintiff from pursuing defendant under such circumstances.

## CONCLUSION

Although Lowell Jensen is perhaps not a defendant under a literal reading of section 78–27–42, he must be regarded as one in order to avoid an absurd result and to bring this case within the intent of section 78–27–42. Thus, the release naming Lowell Jensen did not also release defendant, who was not named. Accordingly, we reverse the trial court's grant of summary judgment in favor of defendant and remand for such further proceedings as may now be appropriate.

DAVIS, P.J., concurs.

GREENWOOD, J., concurs in the result.