VOROS, Judge
(concurring):
128 I concur with the majority opinion that the trial court erred in granting summary judgment. However, in my view the summary judgment should be reversed not because disputed issues of fact exist as to Miles's intent or Lowell's control, but because the Release does not as a matter of law identify Miles with the requisite specificity.
1 29 This appeal concerns the enforceability of a release. Under the superseded common law rule, "a release of one tortfeasor also released all other tort-feasors." Child v. Newsom, 892 P.2d 9, 12 (Utah 1995). While Utah statutory law onee followed this rule, our current statute reverses it "A release given by a person seeking recovery to one or more defendants does not discharge any other defendant unless the release so provides." Utah Code Ann. § 78B-5-822 (LexisNexis 2008).
130 In Child v. Newsom our supreme court construed the phrase "unless the release so provides." 892 P.2d at 11-12. The Child case arose from a traffic accident in which one car hit another. A passenger in the latter car died. Her father brought wrongful-death actions against both drivers. He settled the claim against one driver and that driver's insurance carrier. The release named that driver, the insurance carrier, and all agents and employees of the insurance carrier, "together with all other persons, firms and corporations." Id. at 9-10. The second driver moved for summary judgment on the ground that, as a member of the class of "all other persons, firms and corporations," she too was released from liability. Id. at 10.
131 That the second driver fell within the class of "all other persons, firms and corporations" could hardly be disputed. Yet the supreme court ruled that under the release statute, that release did not cover her. Id. at 11-12. The court explained that because the statute prescribes that a release given to one defendant does not discharge any others "unless the release so provides," Utah Code Ann. § 78B-5-822, that phrase "must be construed narrowly as requiring some degree of specificity," Child, 892 P.2d at 11. The court adopted the analysis reached by numerous other states with similar or identical statutes that have "unequivocally held" that general release language such as "all other persons, firms and corporations" does not encompass "persons not specifically named, described, or specifically identified therein." Id. at 12 (collecting cases). Consequently, pursuant to the release statute, "a release must contain language either naming the defendant or identifying the defendant with some degree of specificity in order to discharge that defendant from liability." Id.
T 32 The release before us fails this test as to Miles. The release names Lowell Construction, Lowell's construction superinten-dant Don Jones, and its insurance carrier-described as "Releasees"-together with "all of their agents, employees, representatives, parent companies, insurers, subsidiaries, affiliates, related entities, owners, successors, and assigns." Miles, an employee of Byer Exeavating, was the principal tortfeasor, the person actually handling the rebar that Sutton alleges fell on him-the person, in short, who in Sutton's view acted negligently. Yet the Release does not name Miles. Given this omission, I cannot agree that the Release identifies him with "some degree of specificity." Id.
{33 Admittedly, the phrase "some degree of specificity" itself lacks specificity. Presumably our supreme court incorporated flexibility into the rule so that it could be adapted to the cireumstance presented. I believe the rule requires sufficient specificity to demonstrate an actual intent to release the unnamed defendant. Under this standard, the Release's general reference to Lowell Construction's employees, agents, and assigns probably does reflect an intent to release office workers at company headquarters who had no involvement in the rebar incident. But a generalized reference to Lowell's agents, employees, assigns, and so forth cannot, in my view, be reasonably read to reflect an intent to release Miles. First of all, Sutton alleges that Miles personally committed the tortious act. Parties intending to release the principal tortfeasor would not *1287 likely identify him merely as an employee, agent, or assign of Lowell-especially since no evidence shows that Miles was on Lowell's payroll, that he received compensation from Lowell, that he considered himself a Lowell employee on the day in question, or that he had a business relationship of any description with Lowell before or after the incident. A drafter actually intending to identify Miles with "some degree of specificity" would not name Jones but hope that Miles fell within a generic category populated with Lowell employees unrelated to the incident.
1 34 I do not disagree with the majority's discussion of agents, employees, representatives, and assigns. But in my view, even if under a careful reading of Utah law Miles fit within one of these categories, I would nevertheless hold as a matter of law that the Release did not identify him with the specificity required by section 78B-5-822 and Child.