This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

**Plaintiff-Appellee,**

**vs.**                                        **No. 34,802**

**TAYLOR E.,**

**Child-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Following a jury trial, Child appeals from an adjudicatory finding that he

committed the delinquent act of battery on a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971). [RP 106] We issued a notice of proposed summary disposition, proposing to affirm. In response, Child has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**Issue (1):** Child continues to argue that the disciplinary reports authored by Mr. Gonzales should have been excluded for noncompliance with Rule 11-404(B) NMRA. [MIO 2] Specifically, the reports included Child's statement that Child "missed a time when everyone called him 'demon,' and that he was going to '. . . fuck shit up to earn that nickname again.' " [DS 4; MIO 3] The State argued below that the reports were offered to prove motive and intent of Child. [MIO 2] In response, Child argues that because there was no argument by the State that the incident was the result of "a vendetta against Victor Gonzales[,] the reports are nothing more than assertions that [Child] was [troubled]." [MIO 2] As such, Child argues that the reports were not offered for motive and intent, but that State was trying to make the impermissible inference that "troubled children are more likely to commit delinquent acts." [MIO 2]

We disagree. The district court specifically tailored the evidence in this case by excluding all other prior bad acts mentioned in the disciplinary reports, with the exception of one statement "related to Victor Gonzales disciplining [Child] in the past." [DS 4; MIO 1] In accordance with the district court's ruling, Mr. Gonzales

2

testified at trial that he had previously written up Child, as well as Child's statement about his former nickname of "demon," and Child's "intent to earn that nickname again." [DS 4] Our case law has explained that evidence that goes to the nature of the relationship between the victim and the defendant is admissible under Rule 11-404(B). *See, e.g., State v. Flores*, 2010-NMSC-002, ¶ 32, 147 N.M. 542, 226 P.3d 641 (explaining, in the context of an appeal from a first-degree murder conviction, that "[i]n determining [the d]efendant's guilt, the jury may consider the relationship of the parties and the animus of the accused toward the deceased" (internal quotation marks and citation omitted)). We conclude that the district court's ruling was not an abuse of discretion because the fact that Mr. Gonzales had written up Child in the past for bad behavior could have been illustrative as to Child's attitude towards Mr. Gonzales, going specifically to motive and intent in this case.

We turn next to Child's contention that "[t]he alleged statement that [Child] missed the nickname '[d]emon' and inten[d]ed to 'fuck shit up' in order to regain that nickname does go to motive and intent but fails the [Rule] 11-403 [NMRA] balancing test." [MIO 3] Child argues that "[g]iven the unclear circumstances of the incident, the admission of this evid[e]nce may have caused the jury to believe [Child's] actions were intentional hitting rather than flailing in response to unknown people touching him to gain control over him when he was crying hysterically." [MIO 3] We disagree.

The evidence of Child's statements was probative to show lack of mistake or accident—specifically, that Child's conduct was intentional, which the State was required to prove in this case. [RP 90] Child does not explain that other evidence was available to rebut the potential inference that Child's conduct was unintentional. *See State v. Otto*, 2007-NMSC-012, ¶¶ 3, 14-16, 141 N.M. 443, 157 P.3d 8 (holding that the district court did not abuse its discretion in admitting uncharged acts under Rule 11-403—specifically, statements made by the victim to her mother about the charged act of criminal sexual contact of a minor and subsequent uncharged acts that occurred out of state—because such evidence "was highly probative to show lack of mistake or accident[,]" and "[t]here was no other evidence available to rebut this potential inference"); *see also State v. Ruiz*, 1995-NMCA-007, ¶ 12, 119 N.M. 515, 892 P.2d 962 ("[T]he fact that evidence is prejudicial is not grounds for excluding it; exclusion is required only when the danger of 'unfair' prejudice[] outweighs the legitimate prejudice that is otherwise known as probative value." (internal quotation marks and citation omitted)); *State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495 (recognizing that "[i]ntent can rarely be proved directly and often is proved by circumstantial evidence").

We therefore affirm.

**Issue (2):** Child continues to argue that the State failed to provide disclosure

compliant with Rule 10-231 NMRA and that the State did not provide reasonable notice under Rule 11-404(B). [MIO 4] Our notice observed that Child had not made any showing that he was prejudiced by the district court's decision to admit the evidence despite the State's alleged non-compliance with both of the rules. [CN 4–5, 8] *See generally In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). In his memorandum in opposition, Child merely reiterates that the State's disclosure the day before trial "[was] simply too late to comply with Rule 11-404(B)'s [reasonable notice] requirement." [MIO 4] Further, Child asserts that the State's late disclosure "is the definition of 'surprise and gamesmanship'" and that "[t]he evidence should have been excluded, as requested by the defense, or a continuance granted to allow the defense to formulate a strategy to deal with the proposed use – such as investigating the circumstances of [Child's] alleged statement." [MIO 4–5]

Importantly, in his memorandum in opposition, despite the request made in our notice, Child has not explained how he was prejudiced by the district court's ruling. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds*

*as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Child does not assert that he requested a continuance that was denied, or that an opportunity to investigate the circumstances of Child's statement would have yielded a different strategy or outcome at trial. Child's broad assertion of prejudice is speculative. *See State v. Todisco*, 2000-NMCA-064, ¶ 24, 129 N.M. 310, 6 P.3d 1032 (concluding that a claim of prejudice based on insufficient evidence did not show actual and substantial prejudice and was, therefore, speculative). We therefore affirm.

In sum, for the reasons stated in our notice of proposed summary disposition and set forth above, we affirm.

**IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**M. MONICA ZAMORA, Judge**

6