NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EMILY VIVIAN, *Plaintiff/Appellant,*

*v.*

CASIE RHAE COBB, *Defendant/Appellee.*

No. 1 CA-CV 18-0240
FILED 1-29-2019

Appeal from the Superior Court in Maricopa County
No. CV2016-011596
The Honorable Hugh E. Hegyi, Judge (retired)

**AFFIRMED**

COUNSEL

Piekarski & Brelsford P.C., Phoenix
By Christopher J. Piekarski
*Counsel for Plaintiff/Appellant*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By Jennifer R. Erickson, Ryan B. Johnson
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1       Emily Vivian challenges the superior court's summary judgment ruling finding she had released her negligence claim against Casie Rhae Cobb. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2       This case arises out of an October 2015 motor vehicle accident. Vivian was injured while driving when her vehicle collided with Cobb's vehicle. Cobb's vehicle was registered to Cory Baber. Vivian made a demand through counsel on Baber's insurer, Allstate Fire and Casualty Insurance Company ("Allstate"), in June 2016. Vivian accepted Allstate's policy limits of $15,000 and signed a "Release of All Claims" (the "Release") that stated in relevant part:

> This Indenture Witnesseth that we in consideration of the sum of fifteen thousand 00/100 dollars ($15,000.00), receipt whereof is hereby acknowledged, do hereby for our heirs, personal representatives and assign [sic], release and forever discharge ***Carolyn Baber, Cory Baber, Casie Cobb, and Allstate Fire and Casualty Insurance Company*** and any other person, firm or corporation charged or chargeable with responsibility of liability, their heirs, representative [sic] or assigns, form [sic] any and all claims, demands, damages, costs, expenses, loss of service, action and causes of action arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damage, loss or damage of any kind sustained or that we may hereafter sustain in consequence of an accident that occurred on or about the 20th day of October, 2015 . . . .

Vivian then made a demand on Cobb's insurer, GEICO. When GEICO refused to pay the claim, Vivian sued Cobb.

**¶3**         Cobb moved for summary judgment, arguing Vivian had released her claim via the language quoted above. The court agreed and entered judgment for Cobb. Vivian timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶4**         On review of a grant of summary judgment, we determine *de novo* whether any genuine issues of material fact exist and whether the superior court properly applied the law. *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 104, ¶ 13 (App. 2017). We view the facts and reasonable inferences therefrom in the light most favorable to the non-prevailing party. *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 163, ¶ 11 (2017). Summary judgment should be granted only "if the facts produced in support of [a] claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme Sch. v. Reeves,* 166 Ariz. 301, 309 (1990).

**¶5**         We also review the superior court's interpretation of the Release *de novo. See ELM Retirement Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 15 (App. 2010). Our goal is to ascertain and enforce the parties' intent by "look[ing] to the plain meaning of the words as viewed in the context of the contract as a whole." *Id.* at 290–91, ¶ 15 (quoting *United Cal. Bank v. Prudential Ins. Co.*, 140 Ariz. 238, 259 (App. 1983)).

## A.    The Release Is Not Ambiguous.

**¶6**         Vivian contends the Release was ambiguous because it "only [made] reference to [the] Allstate claim number . . . and did not incorporate or reference [Cobb's] GEICO policy in any way." Language in a contract is ambiguous if it can reasonably be construed to have more than one meaning. *In re Estate of Lamparella*, 210 Ariz. 246, 250, ¶ 21 (App. 2005). Such is not the case here. While the Release did not reference Cobb's GEICO policy, it expressly named Cobb and therefore included Vivian's claims against her. *See* A.R.S. § 12-2504(1) (a release "given in good faith to one of two or more persons liable in tort for the same injury . . . does not discharge any of the other tortfeasors from liability for the injury or wrongful death *unless its terms so provide*" (emphasis added)).

**¶7**         Vivian also contends the parties' pre-Release settlement discussions "explicitly confirm her right to pursue further recovery against GEICO." She maintains the parties "had no intention of releasing . . . Cobb or her insurance carrier" and that they "stated the opposite in their

communications," broadly citing her entire controverting statement of facts. But we only consider the surrounding circumstances if the contract is ambiguous. *Desarrollo Immobiliario y Negocios Industriales De Alta Tecnologia De Hermosillo, S.A. De C.V. v. Kader Holdings Co. Ltd.*, 229 Ariz. 367, 371, ¶ 12 (App. 2012). And parol evidence of pre-release discussions only is admissible if the Release is reasonably susceptible to Vivian's interpretation. *Taylor v. State Farm Mut. Auto. Ins*. Co., 175 Ariz. 148, 154 (1993). The contention that the Release did not extend to Cobb flatly contradicts its plain language; as such, parol evidence is inadmissible. *See Long v. City of Glendale*, 208 Ariz. 319, 329, ¶ 34 (App. 2004) ("[O]ne cannot claim that one is 'interpreting' a written clause with extrinsic evidence if the resulting 'interpretation' unavoidably changes the meaning of the writing.").

**¶8**        Moreover, even if the correspondence attached to Vivian's controverting statement of facts was admissible, nothing therein supports her interpretation of the Release. At most, the correspondence establishes that Allstate told her Cobb had set up a claim with GEICO, a fact that has no bearing on the Release.

## B.    Cobb is a Third-Party Beneficiary of the Release.

**¶9**        Vivian also contends the parties did not intend to make Cobb a third-party beneficiary of the Release, citing *Spain v. General Motors Corp.*, 171 Ariz. 226 (App. 1992). There, the plaintiff signed a release as part of a motor vehicle injury settlement that discharged the insurer, its insureds, "and any other person, firm or corporation charged or chargeable with responsibility or liability." *Id.* at 226–27. The plaintiff then sued the manufacturers of the insureds' vehicle, alleging a defective seat belt contributed to her injury. *Id.* at 227. This court concluded the release did not include the manufacturers because: (1) neither party expressed any intention to release them; and (2) the release did not expressly name them. *Id*.

**¶10**        This case differs from *Spain* because the Release expressly named Cobb. *Cf. Norton v. First Fed. Sav.*, 128 Ariz. 176, 178 (1981) ("[I]n order for a person to recover as a third-party beneficiary of a contract, an intention to benefit that person must be indicated in the contract itself."). Vivian thus asks us to rewrite the Release to exclude Cobb, which we cannot do. *See Shattuck v. Precision-Toyota, Inc.*, 115 Ariz. 586, 588 (1977) ("The intent of the parties, as ascertained by the language used, must control the interpretation of the contract. It is not within the province or power of the court to alter, revise, modify, extend, rewrite or remake an agreement.").

## C.    Neither Cobb nor Vivian Are Entitled to Attorney's Fees on Appeal.

¶11    Cobb requests her attorney's fees on appeal pursuant to A.R.S. § 12-349, contending Vivian filed this appeal without substantial justification. A.R.S. § 12-349(A)(1). An appeal lacks substantial justification "if it is groundless and is not made in good faith." A.R.S. § 12-349(F). Both elements must be established by a preponderance of the evidence to recover fees. *See Johnson v. Mohave County*, 206 Ariz. 330, 334, ¶ 16 (App. 2003) (party seeking fees pursuant to prior version of § 12-349(F) must prove that a claim "constitutes harassment, is groundless and is not made in good faith"). Cobb does not show that either of the elements are met. We therefore decline to award fees under § 12-349(A)(1).

¶12    Cobb also requests attorney's fees pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 25, under which we may sanction an appellant who brings a frivolous appeal. *Johnson v. Brimlow*, 164 Ariz. 218, 222 (App. 1990). An appeal is frivolous if it is brought for an improper purpose or indisputably has no merit. *Ariz. Tax Research Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258 (1989). But sanctions are unwarranted if the issues raised are supportable under any legal theory or if reasonable attorneys could differ. *In re Levine*, 174 Ariz. 146, 153 (1993). We thus consider ARCAP 25 sanctions with great caution. *Price v. Price*, 134 Ariz. 112, 114 (App. 1982). In our discretion, we decline to award fees under ARCAP 25.

¶13    Cobb also requests attorney's fees under Arizona Rule of Civil Procedure 11, which is not a proper basis for a fee award on appeal. *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 99, ¶ 26, n.10 (App. 2011).

¶14    We also reject Vivian's attorney's fees request.

## CONCLUSION

¶15    We affirm the judgment. Cobb may recover her taxable costs incurred in this appeal upon compliance with ARCAP 21.

